JOHNSTON, McNEELY & CLEMONS v. E. A. JEFFERSON AND HUSBAND.

When the suit is upon a note executed by the husband and wife, and the plea of *non est factum* is not sworn to, it is error to charge the jury upon the execution of the note or the authority to execute it. (Paschal's Dig., Art. 1443, Note 549.)

ERROR from Guadalupe. The case was tried before Hon. JOHN IRELAND, one of the district judges.

This was a suit by plaintiffs in error against defendants in error upon a note for $474 78, signed "E. A. Jefferson, by J. R. Jefferson." The petition alleges that E. A. Jefferson, being indebted to plaintiffs for necessaries furnished herself and family, did, by her agent, J. R. Jefferson, make, execute, and deliver the note to plaintiffs. The note was filed as part of the petition. There was indorsed upon the back of the note the following words: "Received pay-

ment of this note in C. S. treasury notes, the notes guarantied to be genuine by payor, November 27, 1863. William G. Webb, C. S. Receiver." This indorsement was erased by lines being drawn across it.

This point, although in the proofs and the charge as controlling, was not noticed by the court.

The defendants answered by general denial, and further that, if they were ever indebted upon the note sued on, they had paid it to one William G. Webb, attorney or agent for plaintiffs, in the year 1863; that the payment was in full and was acknowledged by Webb while agent of the plaintiffs. The statement of facts shows the evidence adduced on the trial. There were verdict and judgment for defendants, motion for a new trial, which was overruled, and plaintiffs prosecuted this writ of error. The charge of the court, upon which the decision turned, assumed that the wife could not bind herself except for necessaries, and that she was not bound by the note unless it was given for necessaries and the wife authorized its execution.

*John P. White,* for the plaintiff in error. The argument was principally upon the effect of the Confederate sequestration.

*W. E. Goodrich,* for defendant in error.—The argument was altogether upon the effect of the payment to the Confederate States receiver. But, as the point was not noticed by the court, the *Reporter* has not felt authorized to give the history of the facts.

LATIMER, J.—The cause of action in this case was a note executed by a married woman, by her agent, the husband. The defense was, 1st, a general denial; 2d, payment.

The error assigned is that the charge of the judge was erroneous because it assumed a statement of facts which did not and could not in the nature of things exist and was

calculated to mislead the jury. Agreeably to the pleadings there were and could be only two questions before the jury: 1st, did the defendant execute and deliver the note as set forth in plaintiff's petition; 2d, has she paid it.

The production and profert of the note was full and ample testimony to sustain the first proposition; and, as the defendant did not deny the execution of the note in the way and manner directed by Paschal's Dig., Art. 1443, by a plea of *non est factum*, the only question really for the jury was payment of the note.

Without discussing the correctness of the charge of the judge, had the charge been applicable to the case, it is apparent that the charge so far as related to the execution of the note was surplusage, and it is also apparent that this was not a prominent point before the jury, and it was calculated to mislead the jurors. For which cause the judgment is

REVERSED