## HOLLAND v. PIERCE–FORDYCE OIL ASS'N. (No. 8027.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

SALES (§ 71*)—CONTRACT—CONSTRUCTION.

Where defendant agreed to sell 15,000 gallons or such additional quantities of gasoline, not exceeding 25,000 gallons, as plaintiff might order for his own consumption during a year, defendant cannot be required to supply gasoline beyond the minimum amount, except for plaintiff's own use during the term of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 189–196; Dec. Dig. § 71.*]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Kirk D. Holland against the Pierce-Fordyce Oil Association, which counterclaimed. From a judgment for defendant, plaintiff appeals. Affirmed.

Scarborough & Hickman, of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellee.

CONNER, C. J. On April 1, 1912, by contract in writing, appellee agreed to sell and deliver to appellant "during a period of 12 months commencing April 1, 1912, 15,000 gallons, or such additional quantities of pennant gasoline or engine naphtha as the second party (appellant) may order for its own consumption, not exceeding, however, 25,000 gallons of engine naphtha at nine cents per gallon." As the findings of the court show, appellant, who operated a line of autos for the transportation of passengers and freight, and who also supplied the retail trade of several towns in which he maintained garages, at various times during the year covered by the contract ordered and received 15,000 gallons of gasoline under the contract; the last order so received being 6,000 gallons on March 13, 1913. On the 26th of March, 1913, he ordered 10,000 gallons additional, which, for the most part, he had sold at wholesale, but which appellee refused to deliver, on the ground that the order did not come within the terms of the contract. On the 27th of March, 1913, appellant again ordered 10,000 gallons for his own use in operating his autos and to supply his retail trade with gasoline. Appellee again declined to fill the order, and this suit was instituted by appellant to recover the difference in price of the oil so ordered as contracted for and as worth on the market, at the time of the refusal to deliver. The defendant by its answer contested the plaintiff's claim and pleaded over upon an unpaid balance of account in the sum of $298. The trial, which was before the court without a jury, resulted in a judgment against the plaintiff upon his claim and in favor of the defendant oil company on its cross-action for the sum of $213.10.

The only question presented is whether appellant, under the terms of his contract, had the legal right a few days before the expiration of his contract to order the 10,-000 gallons of gasoline for use after the contract had expired. The trial court concluded that he had no such right, and we concur in that conclusion. It is evident from the court's conclusions of fact that the oil last ordered was not necessary for the appellant's use during the operation of the contract, which we think only bound appellee to deliver beyond the minimum number of gallons named in the contract (15,000) such gasoline as was required for his own con-

sumption. A very similar contract was so construed by the Court of Civil Appeals for the Fourth District in the case of Gulf Ref. Co. v. Pegues Merc. Co., 164 S. W. 1113.

On the authority of that case and of the cases therein cited, the trial court's conclusions of fact and law are adopted, and the judgment is affirmed.