MORRISON et ux. v. BROOKS. (No. 7655.)

(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1916.)

1. APPEAL AND ERROR ⟶389(2)—REQUISITES FOR TRANSFER OF CAUSE—NECESSITY OF SECURITY—EXEMPTIONS—STATUTE.

Under the statute authorizing an appeal from the judgment of the lower court without bond, upon proof of inability to pay the costs or give security, before the county judge or the court trying the case, authority being conferred on the judge of a county court by virtue of his office, and not alone upon the court, where a case was tried in the county court, an affidavit that appellants were unable to pay the costs of an appeal or give security, made before the judge who tried the case during the term of the court, was sufficient, although it does not appear that the affidavit was made while the court was in open session.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2074; Dec. Dig. ⟶389(2).]

2. APPEAL AND ERROR ⟶389(2)—REQUISITES FOR TRANSFER OF CAUSE—NECESSITY OF SECURITY—EXEMPTIONS—STATUTE.

Under the statute authorizing a party to appeal without bond upon proof of inability to pay costs of appeal or give security, an affidavit was not insufficient because sworn to by only one of two appellants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2074; Dec. Dig. ⟶389(2).]

3. EXECUTORS AND ADMINISTRATORS ⟶221(5) —ACTION TO ESTABLISH CLAIM—EVIDENCE—SUFFICIENCY.

In an action against the estate of a decedent to establish a claim for personal services rendered decedent, evidence held insufficient to support a finding disallowing part of plaintiff's

claim on the ground that a portion of the services were rendered pursuant to an agreement for neighborly services, etc., and that services outside the agreement were not rendered, except during the last 10 days of decedent's life.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 903½, 1874, 1876; Dec. Dig. ⟶221(5).]

4. COSTS ⟶231(3)—APPEAL—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2046, provides that in cases of appeal by the party against whom judgment was rendered in the court below, if judgment of the court above be against him, but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below. Article 3451 provides that in a suit brought to establish a claim against the estate of a decedent after rejection, if he fails to recover judgment for a greater amount than was allowed by the executor or administrator, he shall be adjudged to pay the costs of such suit. Held that, in an action against an administrator to establish a claim, where plaintiff obtained judgment in a justice court, with costs, and on defendant's appeal to the county court judgment was for plaintiff, but for a smaller amount, article 2046, and not article 3451, applies, and defendant was entitled to recover the costs of the county court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 852, 853, 855, 872–875; Dec. Dig. ⟶231(3).]

5. APPEAL AND ERROR ⟶747(3) — RESERVATION OF GROUNDS FOR REVIEW — CROSS-ASSIGNMENT OF ERROR.

Where the record fails to show that a cross-assignment of error was filed in the court below, it cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3056; Dec. Dig. ⟶747(3).]

Appeal from Hunt County Court; H. O. Norwood, Judge.

Suit by S. L. Morrison and wife against S. B. Brooks, as administrator of the estate of Mrs. Kate McDaniel, deceased. From a judgment of the justice court for plaintiffs, defendant appealed to the county court, in which judgment was rendered for plaintiffs, but with costs of county court taxed against plaintiffs. From order overruling motion to retax costs and motion for a new trial, plaintiffs appeal. Reversed and remanded.

J. H. Morgan, of Greenville, for appellants. N. E. Peak, of Greenville, for appellee.

TALBOT, J. This suit was originally filed in the justice court of precinct No. 1, Hunt county, Tex., by the appellants, S. L. Morrison and his wife, against the appellee, Brooks, as the administrator of the estate of Mrs. Kate McDaniel, deceased, to establish a rejected claim of $101 against said estate. The claim is for alleged services rendered the deceased during her last sickness, consisting of cooking, washing, and ironing from February 18, 1915, to March 1, 1915, $11, and for nursing and continuous attention, including "the furnishing of all things desired by the said Kate McDaniel from March 1, 1915, to April 4, 1915, $90, aggregating $101." It does not appear that any written pleadings were filed. The claim sought to be establish-

ed was presented to the administrator in the form of an open account properly verified, and by him rejected in whole. The account was then filed in justice court, and citation issued and served upon the defendant. The defendant appeared in the justice court, and denied under oath that said account, or any part thereof, was just or true. Upon a trial in the justice court, judgment was rendered in favor of the plaintiffs for $70 and costs of suit. From this judgment the defendant, Brooks, as administrator, appealed to the county court of Hunt county, in which court the case was tried without a jury, and judgment rendered in favor of plaintiffs against the defendant, as administrator of the estate of the deceased, Mrs. McDaniel, for the sum of $15 and costs of the justice court, with costs of the county court taxed against plaintiffs. The plaintiffs filed a motion to retax the costs, and a motion for a new trial, and, both motions being overruled, they perfected an appeal to this court.

Appellee suggests that this court has not acquired jurisdiction of the case, and that therefore the appeal should be dismissed. The appellants bring the case to this court on an affidavit, in lieu of an appeal bond, stating that they are unable to pay the costs of the appeal or give security therefor. This affidavit was made by the appellant S. L. Morrison before the county judge of Hunt county, the judge who tried the case, and it appears by its date and file mark to have been made and filed on the 25th day of October, 1915. The caption of the transcript sent to this court shows that the term of the court at which the case was tried ended on the 30th day of October, 1915, and it does not appear in any manner that the affidavit was made before the county judge while the court was in open session. Appellee contends, in effect, that as the record discloses that the affidavit in question was made during the term of the court at which the case was tried, and before the judge who tried it, and fails to disclose that it was made in open court, it does not comply with the requirements of the law, and is insufficient to confer upon this court jurisdiction to entertain the appeal and revise the ruling of the trial court. Among others, cited by appellee in support of his contention, are the cases of Sanders v. Benson, 51 Tex. Civ. App. 590, 114 S. W. 435, and Fletcher v. Anderson, 145 S. W. 622, decided by the Courts of Civil Appeals for the Second and Seventh Districts, respectively. These decisions seemingly sustain the view taken in the present case by the appellee, but we are of the opinion that the cases cited by said courts, and upon which their decisions are based, do not authorize and support the rulings made.

[1] The statute of this state, authorizing a party to appeal from the judgment of the lower court without bond, requires him to make proof of his inability to pay the costs of the appeal, or to give security therefor before the county judge of his residence, or in the court trying the case. This proof may consist of the affidavit of the party, and manifestly may be made before either the county judge or the court trying the case. The cases mentioned and relied on by appellee as authority for his contention that the affidavit made by appellant in the present case was insufficient to confer jurisdiction upon this court were cases tried in the county court, but all those cited to sustain the ruling therein made were cases tried in the district court. In such cases—that is, cases tried in the district court—the proof of inability to pay the costs, or to give security therefor, must be made in open session of the court, unless the appellant elects to make such proof before the county judge. This is true, because the judge of the district court "has nothing to do with such matters, except when he is presiding over the court in session," and if he hears such proof at a place other than that provided by law for the holding of his court, or when such court is not in open session, he acts without authority of law. Sidoti v. Rapid Transit Ry. Co., 35 Tex. Civ. App. 131, 79 S. W. 326; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659. Not so when the proof is made before the county judge, for authority to hear such proof is conferred upon him, to be exercised by virtue of his office, and not alone upon the court over which he presides. This being so, it is quite clear, we think, that when the case is tried in the county court the authority of the county judge to hear proof of the appellant's inability to pay the costs of the appeal or to give security therefor may be called into requisition, either when the court over which he presides is in session or when it is not in session, and that it is not essential, in order to maintain his appeal, that such proof was made when such court was in open session. The distinction we seek to draw between the cases cited in support of the decisions rendered in the cases of Sanders v. Benson and Fletcher v. Anderson, supra, probably did not occur to the learned judges rendering the opinions in said cases; but, if it did, and said cases were decided regardless of such distinction, then we are unable to agree with them, and must decline to follow them.

[2] The contention that the affidavit was insufficient, because not sworn to by both of the appellants, is without merit.

[3] Again, appellee contends that the assignments of error are not in compliance with the rules, and should not be considered. We think the assignments so substantially comply with the rules as to require their consideration, and this contention will therefore be overruled. Among other things the trial court found:

That the "plaintiffs agreed to live with Mrs. McDaniel and be company for her, in consideration of house rent of the value of $8 per month, and that plaintiffs received $12 house rent, be-

sides a new coat suit for one of the plaintiffs and one rick of stove wood"; that "it was in the minds of the parties that plaintiffs would be neighborly with one another; that there would be little neighborly acts for which there could be no legal charge against her estate; that all the acts of plaintiffs for which claims are made come under this class, unless it be for the last 10 days of her life, during which time there was possibly some service beyond the contemplation of the parties; that there was a part of the last 10 days of Mrs. McDaniel's sickness, and possibly all of the 10 days, when the conditions were more than ordinary."

Upon the findings made, the court seems to have concluded that plaintiffs were entitled to recover the sum of $15, and rendered judgment establishing the claim sued on for that amount, and directed that it be paid in due course of administration. The appellants assign these findings of the court and the judgment rendered as error, and contend, in effect, that under no theory of the case and evidence adduced could such a judgment be properly rendered. This view, we think, must be sustained. The evidence is practically undisputed that plaintiffs rendered the services claimed to have been rendered by them, and that such services were reasonably worth considerably more than the amount of the judgment awarded them. It also appears practically without dispute that Mrs. Kate McDaniel, on the 18th day of February, 1915, or at least about one month before she died, became sick with pellagra; that for at least 30 days next preceding her death her condition was serious, and that she required constant care and attention, such as appellants claim to have rendered her; that the nature of the disease affected the bowels, and caused them to act very frequently; that Mrs. McDaniel's condition was such that it required the services of one of the appellants for the most part of the day, and the other very frequently at night, to carry out vessels, keep her bed clean, make fires, and administer medicine to her; that in addition to such services it was necessary for the appellant Mrs. Morrison to do cooking and washing for Mrs. McDaniel, and that service was in fact rendered; that during the time these services were being rendered Mrs. McDaniel was confined to her bed, or only able to sit up a short time, or move about her room with assistance, and practically helpless. Touching the value of the services rendered by appellants, Dr. Gregory and two or three experienced nurses testified that, from the case as stated to them, $101 would be a reasonable charge, and as we understand the testimony all of it shows that such services were worth considerably more than the amount of the judgment rendered in favor of appellants. The witnesses were in accord that the nursing of one afflicted with pellagra was worth more than that of ordinary diseases.

In reference to the court's findings to the effect that it was in the minds of the parties that there would be little neighborly acts performed by the appellants for Mrs. McDaniel, for which there could be no legal charge against her estate, etc., and that it was only during the last 10 days of Mrs. McDaniel's life that her condition could be regarded more than ordinary, requiring services beyond such as were contemplated by the parties, we think it must be said that such findings are not supported by a preponderance of the evidence. On the contrary, we think the greater weight of the testimony tends to show that such "neighborly acts" as may have been in the contemplation of the parties did not comprehend the character of services for which appellants sue. It shows that Mrs. McDaniel developed a case of pellagra for at least 30 days before her death, and that the care and attention required by her during such time was decidedly more than that called for in a less loathsome and serious disease. But if Mrs. McDaniel's condition for the last 10 days of her life, because of the disease with which she was suffering, required more than ordinary care and attention, and was beyond that contemplated by the parties when they moved into her house and undertook to become a "companion" to her, still the undisputed evidence, as we construe it, entitled appellants to a judgment for more than the trial court recognized as due them and allowed. Indeed, we are unable to discover in the record any specific testimony authorizing a judgment for the amount awarded by the court. The testimony is undisputed that Mrs. McDaniel, about 2 weeks before her death, gave the coat suit referred to in the court's findings to Mrs. Morrison, and we have found no testimony in the record that would warrant the conclusion that Mrs. McDaniel, or any one else for her, furnished appellants the "rick" of wood, also mentioned in said findings. If appellants received a "rick" of wood, for which they should be charged in this suit, there is no evidence showing its value.

[4] The trial court did not err in overruling appellants' motion to retax costs. Article 2046 of Vernon's Sayles' Texas Civil Statutes, providing that in cases of appeal by the party against whom the judgment was rendered in the court below, if the judgment of the court above be against him, but for a less amount, such party shall recover the costs of the court above, but shall be adjudged to pay the costs of the court below, applies, and not article 3451 of said statute. As has been seen, the appellants recovered a judgment in the county court for a less amount than they recovered in the justice court, and under said article 2046 appellee was entitled to recover the costs of the county court.

[5] The appellee presents in his brief a cross-assignment of error, to the effect that appellants, under the evidence, were not entitled to recover anything, and that the judgment of the court below should be reversed, and here rendered for appellee; but the record fails to show that such cross-assignment

was filed in the court below and it cannot therefore be considered. If, however, we were authorized to consider the said assignment, what we have already said disposes of it adversely to appellee's contention.

We conclude the judgment should be reversed, and the cause remanded; and it is accordingly so ordered.