## FLINT v. HURLEY · MERCANTILE CO.*
(No. 6698.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 22, 1922. Rehearing Denied March 22, 1922.)

1. Judgment ⊗═102—Validity of default judgment unaffected by a supplemental petition.

The petition for a balance alleged to be due on defendant's note and to foreclose a mortgage on a truck, authorized the giving of a default judgment for such balance, less the found value of the truck, recited to have been returned by defendant to plaintiff; so that validity of such judgment is unaffected by plaintiff having filed a supplemental petition, reciting return of the truck, stating its value at the value found in the judgment, and that

defendant was entitled to a credit for that amount.

2. Bills and notes ⊗═516—No evidence necessary to establish note.

Overdue note does not require any evidence to establish it, and is a sufficient basis for judgment thereon.

3. Appeal and error ⊗═934(3)—In aid of default judgment, reading of note and hearing of evidence presumed.

In aid of a default judgment for balance due on a note, less found value of mortgaged truck returned to plaintiff by defendant, it will be presumed the note was read, and that evidence was heard on the value of the truck.

Error from District Court, Atascosa County; C. C. Thomas, Judge.

Action by the Hurley Mercantile Company against B. Flint. Judgment for plaintiff, and defendant brings error. Affirmed.

R. R. Smith and Nat L. Hardy, both of Jourdanton, for plaintiff in error.

W. M. Abernethy, of Jourdanton, for defendant in error.

FLY, C. J. Defendant in error, a partnership, herein designated as the mercantile company, sued B. Flint, the plaintiff in error, to recover a balance of $930, alleged to be due on a promissory note executed by Flint for $1,250, and to foreclose a chattel mortgage on a certain one-ton Chevrolet motor truck, No. 1,100, and for interest and attorney's fees. Afterwards a writ of sequestration was obtained, but the truck was not seized by virtue thereof. Judgment by default was rendered against Flint for $510.73; it being recited therein that the truck had been returned to the mercantile company by Flint, and that it was of the value of $600 when returned.

[1] After Flint had been duly cited and had delivered the truck to the mercantile company the latter filed what is denominated "plaintiff's first supplemental petition," in which it was alleged that about one month after the suit was filed Flint had delivered possession of the truck to the company, and that when so delivered the truck was of the value of $600, and therefore Flint was entitled to a credit for that amount on his indebtedness. The filing of that pleading and its recognition by the court is made the basis of the attack on the judgment. The first proposition is that, if a judgment by default does not conform to the "properly filed pleadings in a cause," it is fundamentally erroneous. There is no merit in that contention in this case. Suppose that the supplemental petition had not been filed, and the court had found in his judgment that the automobile had been returned and was worth $600, and had deducted that sum from the amount due on the promissory note, could the maker of

the note complain? It is clear that he could not. Flint does not deny that he returned the automobile to the mercantile company, nor does he claim that it was worth more than $600. He does not claim that the truck was returned under an agreement that it was in full payment of the balance due on the note. The pleadings were amply sufficient, as originally filed, to justify the court in giving Flint the value of the returned truck as a credit on the note. There was no title to be adjusted, as suggested by Flint for he had parted with the title, and the only question was as to the value of the truck which was determined by the court.

[2, 3] The promissory note evidenced a liquidated demand, and did not require any proof to establish it, and it is a sufficient basis for the judgment. The court did not, as stated by Flint, render any judgment for the title and possession of the truck, for the simple reason that Flint had eliminated that phase of the case by surrendering the truck to the holder of the note and mortgage. In aid of the judgment it will be presumed that the note was read and evidence heard as to the value of the truck.

No new cause of action was set up by the last pleading filed, the only attempted change being an effort, not highly appreciated by Flint, to give him credit for the value of the truck which he had voluntarily surrendered.

The authorities cited by Flint fail to support his propositions. All the facts constituting the cause of action were fully disclosed in the original petition, and the attempt to give the maker of the note a credit for a payment made by him after the institution of the suit did not in any manner change its complexion.

The judgment is affirmed.