## TRYON & CARTER et al. v. COLLINS et al.
### (No. 2896.)

(Court of Civil Appeals of Texas. Texarkana. April 17, 1924.)

**1. Bills and notes ⬅525—Possession prima facie evidence of bona fide acquisition for value.**

That plaintiff had possession of note produced as evidence established prima facie that he acquired it bona fide for full value before maturity.

**2. Bills and notes ⬅525—Evidence held to show transfer for value before maturity.**

Evidence *held* to show transfer to plaintiff of note for value before maturity.

**3. Appeal and error ⬅931(4)—Finding of alteration before execution of note presumed in favor of judgment.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, on appeal from judgment for plaintiff in suit on note which had been altered, it would be presumed in support of the judgment that trial court found that alteration was made before note was signed and indorsed, if there was testimony warranting such finding.

**4. Alteration of instruments ⬅29—Evidence held to warrant finding of alteration before signature.**

In action on note which had been altered, evidence *held* to warrant finding that alteration was made before the note was signed and indorsed.

**5. Appeal and error ⬅747(3)—Cross-assignment of error not considered, where not filed in trial court as required by court rules.**

Cross-assignment of error could not be considered, where it was not filed in trial court as required by district and county court's rule 101 and Court of Civil Appeals rule 28, and appellants objected to its consideration.

Appeal from District Court, Houston County; W. R. Bishop, Judge.

Suit by W. H. Collins against J. L. Tryon and S. F. Carter, Jr., composing the firm of Tryon & Carter and others. From the judgment, defendants Tryon & Carter and another appeal, and plaintiff assigns cross-error. Affirmed.

Maurice Epstein, of Houston, for appellants.

Adams & Adams and Moore & Ellis, all of Crockett, for appellees.

WILLSON, C. J. The suit was by appellee Collins against Tryon & Carter, a firm composed of J. L. Tryon and S. F. Carter, Jr., as makers, and said S. F. Carter, Jr., and Lang Smith, as indorsers, of a promissory note dated March 19, 1919, for $1,500, interest, and attorney's fees, payable 60 days after its date to the' order of said Lang Smith, and against said firm as makers and Lang Smith as indorser of a promissory note date February 18, 1918, alleged to be a renewal of a note dated August 31, 1917, for $3,000, interest, and attorney's fees, payable, it seems, to the First National Bank of Lovelady. The judgment was in appellee's favor against the firm and the members thereof and Lang Smith for the amount of the $1,500 note, but he was denied a recovery on the $3,000 note. The appeal was prosecuted by the firm and S. F. Carter, Jr.

The trial was to the court without a jury. He found as facts, first, that the $1,500 note was made by appellants Tryon & Carter and indorsed by appellant S. F. Carter, Jr., for the accommodation of Lang Smith, and, second, that the note was transferred to appellee before its maturity and for a valuable consideration paid by him.

[1, 2] The main contention here is that the second one of the two findings was not warranted by the testimony. But plainly it was. In the first place, the fact that appellee had possession of the note produced as evidence at the trial established, prima facie, that he "acquired it," quoting from 1 Daniel on Negotiable Instruments, § 812 (and see section 814)—

---

"bona fide for full value, in the usual course of business, before maturity, and without notice of any circumstances impeaching its validity; and that he was the owner thereof, entitled to recover the full amount against all prior parties."

In the second place, both Lang Smith and appellee testified at the trial that the latter acquired the note before it matured and paid value for it. Lang Smith said:

"I don't know the exact date that I gave this note to Mr. Collins. I know it was after I came back from Houston with the note. I know it was before the maturity of the note. I got valuable consideration for the note. I don't know as it is necessary for me to tell just what it was. I got part of it in overdrafts he had taken care of for me at the bank here, and part in money. I owed him more than $1,500 at that time. * * * I did not owe him personally, I owed the bank. * *. * I got a valuable consideration for this note in some stuff that he took care of for me, money he paid out. I got $1,500 for it. I told you how I got it. I had some affairs he had taken care of for me personally from time to time, and I had, possibly, an overdraft. I really got it in the way of cash. I didn't get the money."

And appellee said:

"I own the $1,500 note made to Lang Smith and indorsed by S. F. Carter, Jr., and Lang Smith. The consideration paid was $1,500. A part of it was paid in money and the other part to take up some drafts that Mr. Smith had out that were being returned, coming back. That was paid a short time after he got it. It wasn't due at that time."

[3, 4] In making the note it seems the parties used a printed form, in which the Lumberman National Bank was named as payee. Appellant Carter testified that the note was changed by drawing a line with pen and ink across the name of the bank and writing the name "Lang Smith" above it, so as to make Smith the payee instead of the bank. Carter further testified that he did not make the change in the note, and insists, the alteration being a material one, that it operated to release him and his firm from liability on the note. Assuming that an issue as to the change was made by the pleadings, it must be presumed in support of the judgment that the trial court found that the alteration was made before the note was signed and indorsed, if there was testimony which would have warranted such a finding. Article 1985, Vernon's Statutes. There was such testimony. Lang Smith testified:

"I notice that the Lumberman National Bank, which is in print, has some lines drawn through it and Lang Smith is written above it. No, sir; the Lang Smith there is not in my handwriting. I think that is in S. F. Carter's handwriting. It resembles his handwriting very much."

And appellant Carter himself testified:

"I gave this note to Mr. Lang Smith for accommodation. * * * I knew when I signed that note and indorsed it on the back that it was to be used for Lang Smith to get money on. That was the purpose of it."

How it could have served that purpose had it been made payable to the Lumberman National Bank was not explained by Carter. Evidently he intended to make Smith the payee in the note, and we think the trial court had a right to conclude he did so by crossing out the bank's name and writing Lang Smith's name therein before he signed and indorsed it.

[5] Appellee's cross-assignment of error, in which he complains because the court refused to render judgment in his favor on the $3,000 note, will not be considered. It does not appear that the assignment was filed in the court below as required by the rules (rule 101 for district and county courts, and rule 28 for Courts of Civil Appeals), and appellants object to the consideration thereof. Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W. 167; Magnolia Petroleum Co. v. Gin Co. (Tex. Civ. App.) 243 S. W. 568; Ross v. Moore (Tex. Civ. App.) 191 S. W. 853; Morrison v. Brooks (Tex. Civ. App.) 189 S. W. 1094.

The judgment is affirmed.