## WALL v. IRICK et al.

### No. 4401.

Court of Civil Appeals of Texas. Amarillo.

April 22, 1935.

M. J. Baird, of Plainview, for appellant.

Joiner & Cook and Royce A. Oxford, all of Plainview, for appellees.

HALL, Chief Justice.

The appellant, Wall, sued Mrs. Ora Vaughn, joining her husband pro forma, and Roy Irick, all of whom were alleged to be residents of Hale county. He alleges in substance that on the 13th day of September, 1928, and long prior thereto, Tom and Ora Vaughn were husband and wife, and that they are still living together as husband and wife; and that the said Roy Irick and Ora Vaughn are brother

and sister; that all of such facts were well known to the said Irick at the time of the transactions herein complained of. That on said 14th day of September, 1928, Irick and his wife sold and conveyed to the said Mrs. Ora Vaughn part of the east one-half of survey 40, block JK–2, in Hale county. The petition describes the property by metes and bounds, and further alleges that as part of the consideration for said conveyance, and as representing part of the purchase money for said property, Mrs. Vaughn executed and delivered to the said Irick her said vendor's lien note of even date with said conveyance, due five years after date, in the principal sum of $1,000, stipulating for interest at the rate of 10 per cent. per annum from date until maturity. The note further contains the usual attorney's fee and acceleration clauses. It is further alleged that the note bears certain credits, aggregating $80, made from October 13, 1929, to May 5, 1931.

That after the execution and delivery of said note, Irick sold, transferred, and indorsed said note, without recourse, to Brooks Hail before maturity thereof, together with the vendor's lien securing said note, which said transfer was duly recorded in the deed records of Hale county in volume 93, page 170. That Brooks Hail is a citizen of New Mexico, a nonresident of the state of Texas, for which reason he is not made a party defendant.

That plaintiff purchased said note and lien before maturity of said note for a valuable consideration paid. .That he purchased the same in due course of business and without any knowledge of the incapacity of any of the parties to the contract. That plaintiff is an innocent purchaser for a valuable consideration paid of said note and lien, and is now the legal owner and holder thereof. That said note at the time of its execution was a part of the purchase price for the land conveyed as above mentioned. That the vendor's lien is now a valid subsisting incumbrance, and, as stated, was executed to secure the payment of said debt. That the interest due upon said note matures annually, and that the interest due and payable for the year ending September 14, 1930, is unpaid. That plaintiff has exercised his option and declared all of the indebtedness due, and has placed the note in the hands of his attorney, M. J. Baird, for suit, and has agreed to pay his said attorney fees equal to the attorney's fees provided for in said note.

That defendants have failed and refused and still fail and refuse to pay the note, to plaintiff's damage in the sum of $1,500. The prayer is for citation, for judgment for the debt, and foreclosure of the lien.

Tom and Ora Vaughn answered by general demurrer and general denial. They. alleged that long prior to June 13, 1928, they owned and occupied the Z. F. Maxwell survey in Hale county, Tex., as their home. That on said last-named date the defendant Irick, brother of the defendant Ora Vaughn, represented to them that they were indebted on their homestead, but that he owned a part of the east half of survey No. 40 in block JK–2 which was clear of indebtedness which he would exchange with them for their homestead, and if they would make such exchange he would convey to them his property clear of indebtedness. The property is described by metes and bounds in the answer. The Vaughns further alleged that they accepted the proposition for the exchange of properties, and on June 13, 1928, by their joint deed, conveyed to Irick their homestead. That thereafter, on or about September 1, 1928, while the defendant Tom Vaughn was temporarily absent in New Mexico, Mrs. Vaughn moved from the property they had conveyed to said Irick, giving him possession thereof, and moved upon and took possession of lot 7, which they have continuously since occupied, claimed, and used as their homestead. That during said absence of Tom Vaughn, and without his knowledge or consent, Irick, in disregard of his obligation to convey lot 7 to defendants free and clear of any indebtedness and incumbrance, persuaded his sister, Ora Vaughn, to accept a deed from him conveying said lot 7 to her, and to execute and sign the note sued on, attempting to secure its payment by a vendor's lien retained in the deed, representing to her that the note was to cover an indebtedness to him of their adult son, Roy Vaughn, Jr., and money owing him by these defendants. That therefore said attempted lien is null and void. That Tom Vaughn did not join his wife in the execution and delivery of said note and knew nothing of its execution until long thereafter, and until after the last of said payments had been made thereon, and for that reason said note is not a binding obligation upon either of the defendants. That if the said Tom Vaughn had known the facts as alleged, he would not have agreed to the exchange of

properties. That after, the execution and delivery of said note Irick indorsed the same without recourse on him to one Hail, and thereafter Hail, without recourse on him, indorsed said note to plaintiff. That such indorsements were sufficient to put the plaintiff on inquiry at the time he purchased the note that it was void in its inception, and that such fact, if followed up by inquiry, would have enabled plaintiff to learn that these defendants and their children were occupying said lot 7 as their homestead at the time  plaintiff acquired said note from Irick.

By cross-action against Irick, the Vaughns alleged the facts constituting fraud on the part of Irick which induced them to make the exchange of properties, and prayed in the alternative that if plaintiff should recover against them, that they recover over against Irick in the sum of $3,000.

Roy Irick answered, pleading two years' limitation in bar of the Vaughns' action against him for fraud.

The case was submitted to the jury upon one issue, as follows: "Do you find from a preponderance of the evidence in this case that it was the agreement and understanding between Roy Irick and Tom Vaughn and Ora Vaughn that the property in question on Fifth Street in Plainview, Texas was to be conveyed to Tom Vaughn and Ora Vaughn clear of all indebtedness?"

The jury answered in the affirmative, and judgment was entered that plaintiff take nothing as against the Vaughns, that the Vaughns take nothing as against Irick, and that the Vaughns recover the title to the land in question. It was further decreed that the note and lien which form the basis of the suit be canceled.

The first assignment of error is that the court erred in failing to instruct a verdict in plaintiff's favor. The second assignment complains of the refusal of the court to instruct a verdict in plaintiff's favor against Roy Irick. The issue submitted by the court is immaterial to the right of Wall to recover a judgment in rem and foreclose his vendor's lien.

We think the court should have directed a verdict in favor of the plaintiff establishing the debt, and entered judgment in rem foreclosing the lien upon the land. It is true that an indebtedness incurred by a married woman in the purchase of a home does not render her personally liable as for necessaries. Guest v. Cox (Tex. Civ. App.) 34 S.W.(2d) 301. The court would not have been authorized under the rule announced in that case to render a personal judgment against Mrs. Vaughn. However, equity will not permit a married woman who has entered into a transaction of this kind, and in consideration of the execution of her void note has acquired the title to real estate, to plead coverture when she is sued and defeat a recovery upon the note upon that ground and at the same time reap the benefits of the contract by holding the land. Becker v. Goodman-Kantz Furniture Co. (Tex. Civ. App.) 13 S.W.(2d) 735. The proper practice in such cases is to render a judgment in rem, foreclose the vendor's lien, order the property sold and the proceeds applied to the payment of the judgment. Griffin v. Stone River Nat. Bank (Tex. Civ. App.) 80 S. W. 254. When the plaintiff Wall introduced the note in evidence, with the indorsements thereon, together with the deed and the transfers of the note and the lien, under his allegations of ownership he made a prima facie case.

Rev. St. art. 5935, § 52, provides that a holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became a holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

Id. § 59, provides that every holder is deemed prima facie to be a holder in due course, in the absence of proof to the contrary. Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956; Currie v. Dobbs (Tex. Civ. App.) 10 S.W.(2d) 438.

The appellant alone has filed a brief in this case, and as provided by the rules for the Courts of Civil Appeals, (old rule 40, new rule 31), where the appellee fails to brief the case it is the duty of the reviewing court to regard the appellant's brief as a proper presentation of the record, and where he has failed to brief it on original hearing, he cannot, on motion for rehearing, challenge the correctness of appellant's statements. Zaunbrecher v. Trim

(Tex. Civ. App.) 31 S.W.(2d) 839; City of Navasota v. Gudger (Tex. Civ. App.) 290 S. W. 900; Hall v. Carroll (Tex. Civ. App.) 67 S.W.(2d) 1068; Texas Employers' Ins. Ass'n v. Van Pelt (Tex. Civ. App.) 83 S.W.(2d) 392, decided April 15, 1935.

As shown above, the issue of fraud as between Irick and the Vaughns was the only question submitted and decided by the jury. We are not referred to any evidence which tends to show that plaintiff had any notice of any fraudulent transaction between Irick and the Vaughns at the time of the inception of the note, or that he had knowledge of any circumstances which would put a reasonably prudent man upon inquiry. We assume from an inspection of the record that the trial judge proceeded upon the theory that the indorsements upon the note by Irick and Hail, "without recourse" upon them, were sufficient to put Wall upon inquiry. Rev. St. art. 5934, § 38, provides: "A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument." 3 R. C. L. 1078; 8 C. J. 370, § 551; 517, § 724.

Wall testified that at the time he acquired the note he resided in New Mexico, and that it was purchased for him by one Soloniker. As stated, plaintiff established his right to recover in the first instance and discharged the burden resting upon him by the introduction of the instruments sued on. Citizens' Garage Co. v. Wilson (Tex. Civ. App.) 252 S. W. 186; Day v. Cooper (Tex. Civ. App.) 175 S. W. 485; Flint v. Hurley Mercantile Co. (Tex. Civ. App.) 238 S. W. 1012; Johnston v. Jefferson, 31 Tex. 332.

The mere possession of a negotiable instrument produced in evidence by the indorsee imports prima facie that the holder acquired it bona fide for full value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity, and that as the owner he is entitled to recover against the maker, notwithstanding there may be a good defense to the instrument against the payee. Tryon & Carter v. Collins (Tex. Civ. App.) 261 S. W. 1055. The burden is, therefore, on the one who denies that the instrument is held in due course to establish the contrary by a preponderance of the evidence. Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320.

It was not shown that Wall had any actual notice of the alleged fraudulent transaction out of which the note originated, nor are we referred to any facts or circumstances in the record which tend in any degree to affect the good faith of Wall in acquiring the note. The appellees failed to request the submission of any issues to the jury relative to the claim of homestead, notice to Wall of the alleged fraud of Irick or bad faith of Wall in taking the note, and have waived all such defenses. The court could not render judgment against Vaughn for the amount of the note because he was not a party to it. Neither could he render a personal judgment against Mrs. Vaughn, nor, as we understand the record, was plaintiff entitled to recover anything against Irick. However, the failure of the court to render a judgment for plaintiff in rem establishing the amount of the debt sued for, and a foreclosure of the vendor's lien as against all of the parties, was error.

Since none of the defendants have appealed from the judgment disposing of the issues presented by the cross-action, it is affirmed as to them. In so far as the judgment denies a recovery by plaintiff in rem and a foreclosure of the lien, the judgment is reversed and is here accordingly so rendered.

Affirmed in part, and reversed and rendered in part.