### THOMPSON et al. v. BRUCE.

#### No. 10182.

Court of Civil Appeals of Texas. Galveston. Jan. 16, 1936.

W. B. Thomas, of Groveton, for appellants.

GRAVES, Justice.

A joint and several judgment for $175 was rendered in this cause against Helen K. and J. L. Thompson, as husband and wife, upon a jury's verdict on special issues, as for damages sustained by the appellee, C. P. Bruce, for the breach of a contract he alleged he had made with Mrs. Thompson alone for the cultivation of a crop on the community land and homestead of the two Thompsons, under which Mrs. Thompson alone had agreed to furnish him with a mule to do such work with; the damage, he further declared, resulted from Mrs. Thompson's first having furnished him the mule as agreed, and then later, when his crops were immature, having maliciously taken it away from him, as the proximate result of which he had finally made less crops than he would have made but for that breach of the agreement on her part; a further count for punitive damages arising from the declared upon manner of the breach charged having been added.

■ The petition so declaring the contract to have been made with Mrs. Thompson alone and not with her husband, who knew nothing of it at the time, contains no averments either that it had been made by Mrs. Thompson for necessaries furnished herself or her children, or for the benefit of her separate property; she was therefore, as a married woman at the time, not bound by it under the express provisions of R.S. arts. 4621, 4623, and an unbroken line of authorities applying them. Leake v. Saunders (Tex.Sup.) 84 S.W.(2d) 993, and authorities there cited; Speer's law of Married Women in Texas, chapter 4, pars. 45 and 46, p. 50, and authorities cited; Terrell v. General Motors Accep. Corp. (Tex.Civ.App.) 59 S.W.(2d) 442; Cleveland v. Alpine Lumber Co. (Tex.Civ. App.) 75 S.W.(2d) 977; Guest v. Cox (Tex.Civ.App.) 34 S.W.(2d) 301; Wall v. Irick (.Tex.Civ.App.) 83 S.W.(2d) 394; First Texas Joint Stock Land Bank of Houston v. Webb (Tex.Civ.App.) 82 S. W.(2d) 159.

■ Not only so, but her husband, J. L. Thompson, was not liable either, because he was shown on the face of this petition, as well as from the undisputed evidence, not to have been a party to the undertaking itself of his wife, nor the alleged breach thereof by her. R.S. arts. 4621 and 4623, supra.

■ Since these infirmities as to both the husband and the wife were apparent upon the face of the record itself, inclusive of the statement of facts made out by the trial court, they are fundamental, and require at the hands of this court a reversal of the judgment so rendered below, and a rendition of the cause in favor of both Mr. and Mrs. Thompson; in consequence, while the record discloses that the appellants each in their several capacities protested against the proceedings throughout the trial upon the grounds indicated as constituting infirmities therein, as well as upon others not deemed material here, it is considered unnecessary to go further into the proceedings, for the reason that, they being thus ab initio and fundamentally nonmaintainable against either the husband or the wife, the whole submission to the jury, as well as the court's attempt to so enter the judgment rendered on its findings, were abortive.

The judgment in appellants' favor will therefore be rendered here, as indicated. Judgment reversed, and cause rendered in favor of both appellants.

Reversed and rendered.