## HUDSON v. HUNT. (No. 1329.)

(Court of Civil Appeals of Texas. · El Paso. Oct. 26, 1922.)

Appeal and error &—768—Where appellee fails to return record to appellate court and files no brief, case will be heard on appellants' brief.

Where appellants have delivered a copy of their brief and the record of the cause to appellee's counsel and have filed receipts for same in the appellate court, and appellee has failed to return such record to the appellate court, the case will be disposed of without transcript or statement of facts on the appellant's brief, assuming that it correctly states the record.

Appeal from Haskell County Court.

Action by Courtney Hunt against J. B. Hudson and Walter E. H. Barnes. From a judgment for plaintiff, the first-named defendant appeals. Reversed as to appellant.

Smith & Grissom, of Haskell, for appellant.

Murchison & Davis, of Haskell, for appellee.

HIGGINS, J. [1] The record in this appeal was filed in the court of Civil Appeals at Fort Worth on August 6, 1921. The appeal was transferred to this court and set down for hearing on October 3, 1922, and due notice given of the submission. Appellant filed its brief in this court on June 16, 1922, and delivered a copy thereof to appellee's attorneys on June 9, 1922, as is shown by their receipt on file. Appellant's attorneys, on or about June 16, 1922, delivered the record in the cause to the attorneys for appellee, as shown by affidavit filed herein by one of appellant's counsel. Appellee has filed no briefs and has failed to return to this court the record theretofore received by them. The clerk of this court has heretofore, several times, written and wired counsel for appellee requesting the return of the record to this court. This has not been done. The case has now been under submission more than two weeks, and, since we are without transcript and statement of facts through no fault of counsel for appellant, the appeal will be disposed of as best we can upon the appellant's brief, assuming that it correctly reflects the record.

The statement of the nature and result of the suit in the brief is as follows:

"Courtney Hunt, the appellee, filed in the county court of Haskell county, Tex., his first-amended original petition on the 13th day of December, 1920, charging that on the 2d day of February, 1920, and on the 28th day of February 1920, and on the 12th day of April, 1920, one Walter E. H. Barnes, defendant in said cause, executed and delivered to him certain promissory notes which were secured by chattel mortgages upon certain hogs which he alleged had afterwards been purchased by the appellant from Emma Barnes, wife of Walter E. H. Barnes, and· charging that thereby the appellant became guilty of conversion and became liable and bound to pay to the said Courtney Hunt (appellee) the value of the hogs, which the appellant had purchased from the said Emma Barnes, also alleging that said mortgages created a valid and subsisting lien against the said hogs to secure the indebtedness of Walter E. H. Barnes which had not been paid and said Courtney Hunt (appellee) prayed for judgment against the said J. V. Hudson (appellant), for the value of the hogs so alleged to have been converted.

The appellant answered by general denial and special pleadings, alleging that he purchased from said Emma Barnes about the 20th day of October, 1920, 18 head of hogs which were on and prior to the said date, the separate property of the said Emma Barnes, and that there were no valid or subsisting liens against the said property at the time of his purchase, that said hogs were the separate property of the said Emma Barnes, who had not joined in any mortgages covering the same and that therefore the same was not subject to the mortgages described by the plaintiff, they being executed by Walter E. H. Barnes alone to appellant, also alleging that if the appellee held the mortgages referred to against the said hogs, which was not admitted but denied, that he purchased the same in good faith for a valuable consideration and without notice of any existing liens or claims against the same, and that said liens were created or attempted to be created upon said property without the knowledge or consent of the said Emma Barnes, who owned the same as her separate property, and that if the said plaintiff did take or secure chattel mortgages upon the said property, he did so with the knowledge and full notice of the fact that they were the separate property of the said Emma Barnes.

The case was tried before a jury on special issues, which being answered favorable to the appellee, the court rendered judgment in favor of the appellee against Walter E. H. Barnes for the sum of $350.90, with interest from the date of the judgment at 10 per cent. per annum and costs of suit, and against J. V. Hudson for the sum of $265.85, with interest from the date of the judgment at 6 per cent. per annum and costs of suit, to be credited upon said judgment.

The appellant filed his amended motion for a new trial which was afterwards on April 29, 1920, by the court overruled, to which the appellant duly excepted and gave notice of appeal to the Court of Civil Appeals for the Second Supreme judicial district of Texas. The appellant duly prosecuted his appeal by the execution and filing and, having approved his appeal bond, and the case has been duly transferred by order of the Supreme Court to this Court of Civil Appeals for the Eighth Supreme judicial district of Texas."

It is assigned as error that the finding upon issue No. 1 to the effect that the hogs sold to appellant were not the separate property of Emma Barnes is contrary to

the undisputed evidence. From the statement of the evidence made in the brief this is well taken.

It is also contended that the undisputed evidence shows that six of the hogs were acquired by Emma Barnes by purchase subsequent to the date of the mortgages given by Walter Barnes to appellee, and therefore were not covered by appellee's mortgage. This also is well taken. There is nothing to show the value placed upon these particular hogs by the jury which makes it impossible to fix a remittur which would ·cure this feature.

For the two reasons indicated, the cause will be reversed and remanded as to Hunt. The judgment against Walter Barnes will not be disturbed.

There are two other questions presented by appellant, but the statement made in the brief is insufficient to enable us to properly pass upon same.

Affirmed as to Walter Barnes, reversed and remanded as to Courtney Hunt.