## PANHANDLE MOTORS CO. v. FOSTER
### (No. 2034.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 22, 1922.)

1. Appeal and error ⬡⇒768 — Statement of case as made by appellant accepted, where appellee files no brief.

Under Rule 40 (142 S. W. xiv) for courts of civil appeals, where appellee files no brief, the court will accept the statement of the case as made by appellant.

2. New trial ⬡⇒86—Absence of attorney justified, where clerk told him case had been continued for the term.

Where the clerk of the court informed the attorney of one of the parties to the suit that the cause had been continued and the jury discharged for the term, the attorney was warranted in relying on the information, and it justified his failure to be present when the case was called the next morning, hence the denial of his motion for a new trial was error.

Appeal from Childress County Court; M. J. Hathaway, Judge.

Action between the Panhandle Motors Company and J. B. Foster. Judgment for the latter, and from an order denying a new trial the former appeals. Reversed and remanded.

Jno. W. Davidson, of Childress, for appellant.

Howard & Barret, of Childress, for appellee.

BOYCE, J. [1] The appellee has filed no brief, and we accept the statement of the case as made by appellant. Rule 40 (142 S. W. xiv) for Courts of Civil Appeals.

[2] It appears that appellant's attorney failed to be present at the trial of the case, because of the fact that he was informed by the clerk of the court in which the case was pending that during the attorney's absence the cause had been continued and the jury discharged for the term. The attorney was warranted in relying on information received from this source, and it justified his

failure to be present when the case was called for trial on the next morning. Fitzgerald v. Wygal, 24 Tex. Civ. App. 372, 59 S. W. 621. Under the circumstances we are of the opinion that the motion for new trial should have been granted.

Reversed and remanded.