**BONAPARTE v. SUPERIOR BEN. BENEVO. ASS'N. (No. 1149.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 19, 1924.)

**1. Appeal and error ⬡➡768—Appellant's brief taken as true when not contested.**

Where all rules of court for presentation of causes in this court have been complied with by appellant in his brief, court, in accordance to rules 40, 41, will accept as true appellant's statements as to nature and result of suit, and evidence adduced at trial.

**2. Insurance ⬡➡668(1)—Evidence held to call for directed verdict for plaintiff, and not for defendant.**

In action on life policy, direction of verdict for defendant *held* erroneous, and that evidence called for directed verdict for plaintiff.

Appeal from Nacogdoches County Court; A. T. Russell, Judge.

Action by William Bonaparte against the Superior Benefit Benevolent Association. Judgment on directed verdict for defendant, and plaintiff appeals. Reversed.

Hodges & Greve, of Nacogdoches, for appellant.

Adams & Moore, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellant, William Bonaparte, brought this suit against the appellee, Superior Benefit Benevolent Association, a concern engaged in the life insurance business, to recover the balance due on a policy issued by appellee in favor of Susie E. Bonaparte, wife of appellant, in which appellant was named as beneficiary, in the event of the death of insured.

Appellant, in his petition, alleged the issuance of the policy, the total amount of which was $500, the death of the insured, and that the policy was in full force and effect at the time of insured's death, and that appellee had failed and refused to discharge the liability under the policy, ex-

cept to the amount of a payment of $122.50, which it paid on June 23, 1923. Appellant's prayer was for recovery of the balance due on the policy; that is, the difference between $122.50 and $500, such difference being $377.-50, with interest, etc.

After general demurrer and several special exceptions, which are not before us for disposition, appellee answered by general denial, and by the following special defenses: (1) That defendant was not furnished with proper proof of the death of the insured; (2) that proper notice was not given by plaintiff to defendant of the filing of his suit, as required by the rules of defendant's order; (3) that all defendant was liable for under the contract of insurance· had been paid, and defendant was not due plaintiff anything. as claimed by him; (4) that, by the terms of the contract of insurance, $300 of the amount stipulated to be paid was not to be paid until defendant's state Grand Chamber should meet on the second Tuesday in August following the death of insured, and take action upon that amount of the claim, and that, if not allowed by that body, plaintiff was required, before he could resort to the court, to appeal from the action of the state Grand Chamber of defendant's order; that defendant's state Grand Chamber met and refused to make provision for the payment of the $300, and that no appeal from that action was taken by plaintiff to the National Chamber, and that, therefore, the trial court was without jurisdiction to hear the cause·; (5) that at the time of her death insured was riding in an automobile, traveling at a speed in excess of 35 miles per hour, which was in violation of the state law, and that because of such violation the certificate of insurance, under the rules and provisions of the Constitution and by-laws of defendant, was null and void at the time of insured's death; (6) that at the time of insured's death, her policy had lapsed for the reason that her dues had not been paid, as required by the contract and rules and provisions of defendant's Constitution and by-laws.

The case was tried with a jury, but upon conclusion of the evidence the trial court peremptorily instructed a verdict for the defendant, and entered judgment accordingly, and from that action the plaintiff has prosecuted an appeal.

Counsel for appellant, in their brief, present several assignments of error against the action of the trial court, one of which is that the trial court, instead of instructing a verdict for defendant, should have granted appellant's special requested charge, directing the jury to return a verdict in his favor for the amount sued for by him. The appellee has filed no brief.

In connection with the assignments of error and propositions and argument relating thereto, counsel for appellant make what purports to be a full and complete statement of the evidence adduced upon the trial touching the issues as made by the pleadings of the parties, and the substance of this statement is as follows:

That the policy sued on by appellant was issued by appellee to Susie E. Bonaparte, his wife, August 12, 1922, and appellant was therein named as the beneficiary. That the policy provided that, in the event of the death of the insured during the life of the policy, appellee upon proper notice of death, would, within 24 hours thereafter pay to appellant $200 of the amount named in the policy as funeral expenses. That insured died on February 23, 1922, the result of injuries sustained while riding in an automobile on that day. That due and proper notice was given to appellant of insured's death immediately thereafter, but that appellee failed and refused to pay the $200, as provided by the policy. That no amount was paid by appellee in discharge of its liability until June 23, 1923, on which date it did pay, in discharge of certain funeral expenses, $122.50. That appellee's state Grand Chamber failed and refused to meet in August following insured's death and failed and refused to make provision for the payment of the remainder due to appellant under the policy, and that appellee's state Grand Chamber failed and refused to meet in September following, and make such provision, and that no further payment than the $122.50 had ever been made by appellee, though it had, on a number of occasions, promised to pay the policy in full; but that finally appellee had refused to make further payment and denied its liability to appellant. That insured was in good standing on her policy at the time of her death, with all dues and assessments at that time fully paid, and that the policy at her death was. in full force and effect.

[1] As we stated before, there is no brief for appellee challenging the correctness, accuracy, or truth of the statements, or any of them, made in appellant's brief in any particular, and, under the rules governing in this court, we accept the statements contained in appellant's brief as being true and as being acquiesced in by appellee, and will dispose of this appeal accordingly.

By rule 31, relating to the briefing of causes in this court, it is provided, in substance, that the appellant, in connection with his assignments of error and propositions advanced in his brief shall also make statements from the record which have a bearing upon such assignments and propositions in order that this court may dispose of such contentions without resort to the entire record. The rule further provides that such statement made by counsel for appellant in the brief must be made faithfully, in reference to the whole of that which is in the record having a bearing upon such prop-

ositions, upon the professional responsibility of counsel who makes it. See rule 31, 142 S. W. xiii; Thomason v. McEntire (Tex. Civ. App.) 233 S. W. 616; Panhandle Motors Co. v. Foster (Tex. Civ. App.) 245 S. W. 269.

Rule 41 provides, in substance, that the statements made by counsel for appellant in his brief, if not contested or challenged in the brief of appellee, will be considered as acquiesced in by the appellee.

Rule 40 provides, in substance, that when it shall be found by the court that the rules prescribed for the preparation of causes in this court for submission have been fully complied with by the appellant, the court will, in its discretion, regard the appellant's brief as a proper presentation of the case, without examination of the record as contained in the transcript, and base its decision thereon, unless the appellee shall, by the time of the calling of the case on its docket, file in the appellate court copies of his brief, to be kept there with the transcript, containing his objections, succinctly and definitely to the grounds of error as presented in the propositions of appellant or plaintiff in error in his brief, taking up each of them in order, and stating such other matters contained in the record in the mode prescribed for appellant and plaintiff in error as may sustain his objections to each.

[2] Now in this case, there is no challenge by appellee in any manner of any statement made by counsel for appellant in his brief touching the nature and result of this suit, or the evidence adduced upon the trial, as made in connection with the assignments and propositions advanced by appellant. We therefore accept appellant's statement of the nature and result of the suit, and the statement made by his counsel in their brief as to the evidence adduced upon the trial, and from that it is clear to us that the certificate of insurance issued in favor of appellant's wife was in full force and effect at the time of insured's death, and that none of the defensive matters interposed by appellee's answer were substantiated by proof, and therefore all such defenses must fail for the lack of proof. On the evidence as developed upon the trial, the trial court should have instructed a verdict in favor of appellant for the amount of the policy, less the payment of $122.50 that was admittedly made by appellee in discharge of its liability, together with interest at the legal rate from the date that the balance due on the policy should have been paid. This being true, it is the duty of this court to reverse the trial court's judgment, and to here enter such judgment in favor of appellant as that court should have entered. It is therefore ordered, adjudged, and decreed by this court that the judgment of the trial court be reversed, and that judgment be here rendered in favor of appellant for the sum of $377.50, with interest thereon at 6 per cent. per annum from the 14th day of August, 1923, until paid, and further, that appellant recover of appellee all costs of suit.