## PARAGON OIL SYNDICATE v. RHOADES DRILLING CO.*

(Court of Civil Appeals of Texas. Fort Worth. Jan. 23, 1926. Rehearing Denied Feb. 27, 1926.)

1. **Attachment** ⚖➡124—**Statement in attachment naming less amount than claimed in petition held not variance constituting ground to quash.**

Where petition named amount sued for with interest from July 1, variance in attachment and affidavit therefor naming same amount as due and payable July 17 did not constitute ground for quashing attachment.

2. **Appeal and error** ⚖➡544(1).

Assignment of error on overruling of motion for continuance will be overruled, where there is no bill of exceptions complaining of ruling (rules of district and county courts No. 55).

3. **Appeal and error** ⚖➡197(3), 882(8)—**Assignment of error on admission of evidence of custom not pleaded, is overruled, where evidence thereof was admitted without objection and appellant introduced similar evidence.**

Where testimony of witness as to custom in oil fields for well owner to pay for loss of tools in drilling was received without objection, and no objection to testimony of other witnesses was made on ground that custom was not pleaded, and appellant introduced similar evidence,

---

assignment of error on admission of such testimony without custom having been pleaded will be overruled.

**4. Trial ⚖️105(2)—Assignment of error on submission of special issue as to whether custom prevailed in oil fields of well owners paying for tools lost in drilling held without merit.**

Assignment of error on submission of special issue as to whether custom prevailed in oil fields of well owners paying for tools lost in further drilling after well has been drilled to contract depth *held*, in view of evidence thereof admitted without objection, to be without merit.

**5. Contracts ⚖️333(2).**

Petition in suit on contract of employment to drill oil well is not subject to general demurrer because it fails to state whether contract was in writing.

Appeal from District Court, Young County; Walter F. Schenck, Judge.

Suit by the Rhoades Drilling Company, a copartnership, against the Paragon Oil Syndicate and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 277 S. W. 1036.

Marshall & King, of Graham, for appellants.

Elmer Graham, of Houston, for appellee.

DUNKLIN, J. George M. Rhoades, C. E. Christie, and C. Groves, doing business under the partnership name of Rhoades Drilling Company, in Young county, instituted this suit against the Paragon Oil Syndicate, John F. Nein and E. H. Nein, as trustees and as individuals, and several other persons, to recover the sum of $2,559.53, with interest thereon, alleged to be due the plaintiffs for the drilling of two oil wells in Young county. It was alleged that the defendants had employed the plaintiffs to drill those wells, and had promised and agreed to pay stipulated sums per foot for drilling down to specified depths, and that defendants further agreed expressly or impliedly to pay for all tools lost in the holes while drilling at the owner's risk. From a judgment in favor of the plaintiffs, defendants have prosecuted this appeal.

On December 10, 1925, in answer to a certified question from this court, our Supreme Court held that the failure of the plaintiffs in the case to comply with the requirements of chapter 73, Acts 37th Legislature (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d; Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), which provides that no person or persons shall now own or conduct business in this state under any assumed name or under any designation, name, style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county in which such business is conducted a certificate setting forth the names of the person or persons conducting or transacting the same, is no ground for abating the suit, as insisted by the appellant should have been done upon their plea of abatement. (Tex. Com. App.) 277 S. W. 1036. Other assignments of error presented in appellants' brief will now be discussed.

[1] The plaintiffs alleged the amount of the debt due them was $2,559.53, with interest thereon from July 1, 1922, at the rate of 6 per cent. per annum. Plaintiffs sued out a writ of attachment, and in the affidavit therefor the amount of the debt claimed was $2,559.53, alleged to be due and payable July 17, 1922. The amount thus alleged in the affidavit was less than the amount claimed in the petition, and therefore the variance did not constitute a ground for quashing the attachment. Aultman, Miller & Co. v. Smyth (Tex. Civ. App.) 43 S. W. 932; White Day Furniture Co. v. First State Bank (Tex. Civ. App.) 114 S. W. 1159.

[2] Appellants' assignment of error to the action of the court in overruling their motion for a continuance is overruled, for the reason that there is no bill of exception in the record complaining of such ruling. Rule 55 for district and county courts; Scalfi v. Graves, 74 S. W. 795, 31 Tex. Civ. App. 667; Cranfill v. Fidelity & Deposit Co. (Tex. Civ. App.) 143 S. W. 233; Albrecht v. Lignoski (Tex. Civ. App.) 154 S. W. 354; Barton v. R. P. Ash & Co. (Tex. Civ. App.) 154 S. W. 608; Darby v. White (Tex. Civ. App.) 165 S. W. 481.

[3] In the account attached to the plaintiffs' petition showing the items for which they claim defendants were indebted to them, the defendants were charged with the loss of tools, which it was alleged occurred after the wells had been drilled to the contract depth, and which further drilling it was alleged was done at the defendants' request and under an agreement between the plaintiffs and the defendants that the same would be done at the defendants' risk. Plaintiffs introduced several witnesses to show that it was the custom then prevailing in the oil fields where the wells were drilled that the owner of the well should pay for the loss of tools occurring under those circumstances, and assignments of error are presented to the admission of testimony to prove such custom. Appellants submit the following proposition:

"It is error to admit testimony proving the custom and usage with reference to who shall pay for tools lost in an oil well when there is no pleadings of such custom and it is not first shown that said custom is universal and known to the opposite party or could have been known to him."

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the statement made by appellants under that proposition, the testimony of three witnesses is set out, to wit, the plaintiff C. Groves and witnesses J. C. Hamer and E. C. Chaney, all of whom testified, in effect, that it was the custom in the oil fields that the owner of the well pay for tools lost by the contractor after the well has been drilled to the contract depth and is then drilled deeper upon request of the owner.

We find in the record bills of exception to the testimony of the witness Groves and also to that of witness Chaney, but there is no bill of exception to the testimony of the witness J. C. Hamer. His testimony, which is set out in appellants' statement, is taken from the statement of facts, and since it was introduced without objection on the part of appellants, and since the statement of facts further shows that appellants also introduced another witness who testified to the same custom, and since no objection was made to the testimony of Groves and Chaney on the ground that plaintiffs had failed to plead such a custom, the assignments of error, embodied in the proposition quoted, are overruled.

Another proposition in appellants' brief reads as follows:

"It is improper to admit evidence of a custom or usage to vary or change a contract, where it has not been first shown that the custom is universal and that the opposite party had notice of said custom or could have had knowledge of same."

The same statement from the record is submitted under that proposition as that under the preceding proposition. The proposition embodies additional objections shown in the bills of exception to the testimony of the two witnesses Groves and Chaney. Those objections go, not to the qualifications of the witnesses to testify to the custom, but to the weight of their testimony, and the same is without merit, in view of the fact that if the testimony complained of be taken as true it measures up to the test of the proof required to establish a binding custom, under such decisions as Taylor v. Jackson (Tex. Civ. App.) 180 S. W. 1144; King v. Shelton (Tex. Civ. App.) 252 S. W. 194. As noted already, the testimony was not objected to on the ground that the same had not been alleged in plaintiffs' pleadings.

[4] By special issue No. 5 the court submitted to the jury for its determination the question whether or not the custom referred to above prevailed in the Young county oil fields at the time the two wells were drilled, and the jury returned an answer in the affirmative upon that issue. Before the submission of that issue to the jury, appellants objected to its submission on the following grounds:

(1) That the issue is not supported by any testimony, and that the same is improper to submit to the jury.

(2) Because the issue as to whether or not such is the custom in Young county, Tex., is not raised by the testimony.

(3) Because said issue is submitted upon the theory that the testimony concerning said custom was admissible.

In view of what we have already said, the assignment of error presented to the submission of issue No. 5 is without merit.

[5] It is further insisted that the petition is subject to a general demurrer, in that it attempts to plead a contract and fails to state whether it is oral or written and fails to set out the amount sued for and how accrued. Attached to the petition and made a part thereof is an itemized account of the indebtedness claimed by the plaintiff, together with statements of how such indebtedness arose. The petition also contains a specific allegation that the wells were drilled to specified depths under express contracts to pay therefor at the rate of so much per foot of the depth drilled, and also an allegation of an expressed and implied contract to pay for additional work and expenses. We know of no authority to support a holding that a petition in a suit upon a contract to pay a debt is subject to a general demurrer if it fails to state whether or not the contract was in writing.

The assignment of error last referred to is accordingly overruled, and the judgment of the trial court is in all things affirmed.