### PRIM v. LATHAM et al. (No. 436.)

Court of Civil Appeals of Texas. Eastland.
April 20, 1928.

Rehearing Denied May 18, 1928.

1. **Mines and minerals ⊂⊃55(7)—Grantor's subsequent lease to third party held not repudiation or rescission of deed of interest in oil and gas, where grantee continued payments, and did not deny having received share of royalties.**

Grantor's execution to third party of lease to mineral lands providing for royalty to be paid him in proportion to his interest *held* not to constitute repudiation or rescission of original deed of conveyance by which grantor conveyed undivided one-fourth interest in the minerals, where grantee continued payments on his note for purchase price, and it did not appear that he had not received his proportionate share of royalties from the subsequently executed lease.

2. **Mines and minerals ⊂⊃55(4)—Mineral deed without reservation of lien passed title irrevocably, subject only to grantor's foreclosure of implied lien.**

Where there was no reservation of lien in mineral deed or in note for purpose of securing payment of purchase price of undivided interest in minerals, title to the undivided interest passed to the grantee, and deed could not be repudiated or rescinded by any subsequent conduct of grantor except by foreclosure of his implied lien and sale of premises in satisfaction of debt.

3. **Corporations ⊂⊃123(8)—Vendor given note to which bank stock was attached as security for price held entitled to lien on stock and to foreclose on bank stock as pledgee.**

Where bank stock was attached to purchaser's notes as security for payment of purchase price for minerals, vendor had pledgee's lien on bank stock, and was entitled to foreclosure thereof in satisfaction of indebtedness.

4. **Costs ⊂⊃238(2)—Appellant, who failed to call trial court's attention to erroneous calculation in judgment, could not recover costs on appeal.**

Appellant, who failed to call attention of trial court to erroneous calculation of attorney's fee in judgment, could not profit by the correction of the judgment on appeal by recovering costs.

5. **Judgment ⊂⊃194—Set-off or counterclaim need not be expressly mentioned in judgment, provided it is disposed of by necessary implication.**

Judgment for plaintiff need not expressly mention items asserted by defendant by way of set-off or counterclaim, but is sufficient if it disposes of them by necessary implication.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by J. C. Latham and others against S. H. Prim. Judgment for plaintiffs, and defendant appeals. Modified and affirmed.

Chandler & Chandler, of Stephenville, for appellant.

Oxford & Johnson, of Stephenville, for appellees.

LESLIE, J. In this case the plaintiffs, as owners of a certain note through partition of the estate of J. H. Latham, their father, sued the defendant, S. H. Prim, for the amount thereof and for foreclosure of a lien on certain bank stock alleged to have been pledged as security. From a judgment in favor of

the plaintiffs the defendant appeals and the parties will be designated in this opinion as they were in the trial court. On September 17, 1918, J. H. Latham executed and delivered to the defendant, S. H. Prim, a mineral deed to a one-fourth interest in the oil, gas, and other minerals in and under a 160-acre tract of land situated in Eastland county, Tex. In this instrument the consideration recited was $4,000 cash in hand paid. However, part of the consideration was a promissory note executed and delivered by said Prim to said Latham, and the note sued on is a renewal of such original note. The bank stock upon which a foreclosure was granted was attached to each note as security for its payment. No express lien was reserved in the instrument of conveyance or in the notes to secure the payment of that portion of the original consideration evidenced by such note.

On April 8, 1922, J. H. Latham, joined by his wife, Helen Latham, executed and delivered to the Titanic Oil Company et al., an oil, gas, and mineral lease upon said 160 acres of land. In Latham's original conveyance to Prim he reserved the surface rights in the land, and in said conveyance stipulated, in favor of Prim as follows:

"It is expressly understood that grantee herein is entitled to receive his proportionate part of all rents, lease money, and revenues hereinafter accruing by reason of the present or any subsequent lease on the above-described land."

In the lease of April 8th the following provision is found:

"If said lessor owns a less interest in the above-described land than the entire and undivided fee-simple estate therein, then the royalty and rentals herein provided for shall be paid the said lessor only in proportion which his interest bears to the whole and undivided fee."

The first proposition urged by the defendant in his appeal is:

"Where a vendor in a deed repudiates the deed by making a conveyance of the property described in his deed to a third party and the vendor's first vendee acquiesces in the *repudiation and a mutual rescission of* the contract, the vendor cannot recover on a note executed by the first vendee in part payment of the purchase price."

[1] In addition to the facts above noted, there is no evidence in this record that J. H. Latham and Helen Latham, his wife, ever repudiated the sale of the one-fourth interest in the mineral in the land to said Prim, but as we read the testimony it is quite to the contrary. It cannot be held, as contended by the defendant, that the oil and gas lease by Latham and wife to the Titanic Oil Company constituted in any respect a repudiation and rescission by them of their deed to said mineral rights in the land. The above provisions quoted from the original instrument of conveyance, as well as the lease, precludes any such conclusion, and the testimony as a whole does not support such contention. Further, this record discloses that the original note was renewed by Prim June 5, 1922; that he made a payment thereon of $116.80 October 1, 1922; that he obtained an extension from its due date, January 1, 1923, to May 1, 1923, and, in addition, by an instrument in writing of date March 21, 1923, ratified and confirmed said original lease by the Lathams, at least to the extent of 20 acres, and has been receiving royalties from production therefrom, and as he did not, upon the trial of this case, testify that he was not receiving such royalties, we conclude from the testimony in this record that he was receiving such royalties at the time of the trial. Hence, from the undisputed testimony in this record we conclude that there is no merit in the defendant's contention that the grantors have at any time endeavored to repudiate or rescind the original deed of conveyance to the defendant.

[2] As noted there was no reservation of a lien in the mineral deed or in the note for the purpose of securing the payment of the note. The contract of sale was executed and title passed to Prim, and the Lathams could not have repudiated and rescinded the deal, had they desired to do so, in the manner indicated and as contended by the defendant, Prim, in this case. Latham could only have foreclosed his implied lien and had the premises sold in satisfaction of his debt. Smith v. Cassidy, 73 Tex. 161, 12 S. W. 14; Ransom v. Brown, 63 Tex. 189.

[3] The defendant's second proposition is without merit, since the record conclusively establishes a pledgee's lien upon the bank stock in controversy, thus authorizing the foreclosure granted by the judgment.

[4] Under the defendant's third proposition some question is made of the amount recovered as attorney's fees. The principal and interest, according to the pleadings and proof, apparently amount to $2,892.23. Under the terms of the note an attorney's fee of 10 per cent. of this amount was collectable in the event of suit on the note. Morrill v. Hoyt, 83 Tex. 59, 18 S. W. 424, 29 Am. St. Rep. 630. In the calculation of the attorney's fee, or by typographical error, the judgment was for the sum of $298.22, whereas the same should have been $289.22. No assignment of error was based upon this erroneous calculation in the trial court. That court's attention was not called to the error, and if the defendant had deemed it of sufficient consequence to require a judicial proceeding to correct it, he should have called it to the court's attention, and it doubtless would have been there corrected. The error is apparent upon the record, and will be corrected here, and the judgment will be reformed so as to eliminate the $10 excess, but the defendant cannot be allowed to profit by it in the matter of costs, since as stated, he did not call the court's

attention to the same nor seek to have it corrected in the trial court. Trabue v. Wade & Miller (Tex. Civ. App.) 95 S. W. 616; Wetmore v. Woodhouse, 10 Tex. 33; Grier v. Powell et al., 14 Tex. 321.

[5] By an assignment complaint is made that the judgment fails to dispose of the defendant's claim for damages against plaintiff in the sum of $2,000 and his set-off or counterclaim in the sum of $1,800. The judgment does not expressly mention these items, but it does dispose of them by necessary implication and that is sufficient. Southern Pacific Co. v. Ulmer et ux. (Tex. Com. App.) 286 S. W. 193; Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

Plaintiff suggests that the appeal is for delay only and asks for the statutory 10·per cent. penalty in such cases. The contention has some plausible support in the record, but we are unable to say that the appeal is wholly for that purpose. The penalty will not be decreed.

The defendant's assignments are overruled and for the reasons assigned the judgment of the trial court will be in all things affirmed, except as to the attorney's fee, which will be here reduced from $298.22 to $289.22, and, as corrected, the judgment is affirmed, with the costs adjudged against the defendant below.