## ARNOLD OIL & DRILLING CO. v. HOWELL et al.
### No. 3417.

Court of Civil Appeals of Texas. Amarillo.
May 21, 1930.

Rehearing Denied June 18, 1930.

Willis, Studer & Studer, of Pampa, and Reynolds & Heare, of Shamrock, for appellant.

RANDOLPH, J.

■ The appellant has complied with the rules for the preparation for the submission of this case in this court, and, having in due time filed its brief herein, and the appellees not having complied with the rules by filing their briefs, we shall take the statement of the record made in appellant's brief as being a correct presentation of such record. Rule 40 for Courts of Civil Appeals.

This suit was filed in the district court by appellant, as plaintiff, which, after dismissal of various parties defendant, was finally tried against Eli Howell and the Howell Oil Corporation as defendant, resulting in a judgment in favor of the plaintiff against Eli Howell and against the plaintiff and in favor of the Howell Oil Corporation; that the plaintiff take nothing by its suit against said corporation. Judgment was also rendered that the defendant Howell Oil Corporation take nothing by its cross-action against the plaintiff. From the judgment that the plaintiff take nothing by its suit against the Howell Oil Corporation, the plaintiff has appealed.

The plaintiff brought this suit against the named defendants, Eli Howell and the Howell Oil Corporation, seeking to recover for the drilling of an oil well by appellant company the sum of $11,663.17, under and by virtue of three written drilling contracts alleged to have been executed by the Howell Oil Corporation and Eli Howell, and also to foreclose a contractor's lien provided for in the contract upon the leasehold and material securing said amount, and also to recover an assignment of oil lease or $4,000, the reasonable value thereof, that was contracted to be delivered to plaintiff upon a part of the leasehold in question, by the Howell Oil Corporation, and in the alternative, upon quantum meruit for the value of its services, $20,300 and for an equitable lien upon the leasehold therefor.

The written contracts declared upon by appellant provide for the plaintiff to drill an oil well upon section 111, block B2, in Gray county, a depth of 3,250 feet, unless granite or a producing oil well should be found at a lesser depth; provide also that the defendants Howell Oil Corporation and Eli Howell should make certain payments to plaintiff, in default of which the drilling of the well might be discontinued until the payments were made, with a penalty of $25 per day to be paid for every day after June 15, 1928, that any due payment remained unpaid. There were various provisions in each of the contracts for suspending drilling operations if default in payment was made of certain amounts specified after demand therefor, and also for selling sufficient of the leasehold and material to satisfy the payments, and that the contracts should be terminated by reason of such default in payment for drilling.

The defendant Howell Oil Corporation admitted that it was bound by and liable upon the terms of the first two written contracts, which bore date January 23 and February 7, 1928, respectively, but denied that it was liable upon the third contract declared upon, which was dated May 17, 1928, and, upon demurrer to the evidence filed by defendants, this denial of the execution of the third contract was treated as sustained by the court, and judgment was rendered in favor of the Howell Oil Corporation that plaintiff take nothing against it.

■ The first contract made January 23, 1928, was signed by Eli Howell, who was president of the defendant Howell Oil Corporation, and purported upon its face to be the act of Eli Howell individually, but as admitted by both defendants in their pleadings and in the evidence, the defendant Oil Corporation in due form, on February 7, 1928, executed a second contract in which it adopted and ratified the contract of January 23d, aforesaid, and agreed it would become liable thereon jointly with Eli Howell, and also added other stipulations for the drilling of the well in question. The third contract, dated May 17, 1928, purported to have been made with plaintiff and its president, Emmett L. Arnold, as first parties, and Howell Oil Corporation and its president, Eli Howell, as second parties, and which was signed by both Howell Oil Corporation and by Eli Howell as an individual and as president of the corporation. This third contract was repudiated by a resolution of the board of directors in a meeting which was held in San Antonio, Tex., on May 23, 1928, and Eli Howell was instructed to notify the plaintiff of its rejection of such contract. The plaintiff contends in its pleading and evidence that there was no notice given to it of the rejection of the last contract when defendants knew it was expending money and time upon the faith of that contract, which it would not have done had it known of such rejection, but was permitted to proceed with the drilling until it had drilled the well to a depth of 3,250 feet, and that the Howell Oil Corporation was thereby estopped to deny its liability upon said May 17th contract. The defendant corporation was incorporated by Eli Howell, who owned $20,000 of the capital stock, and by his brother Lee Howell, who owned $40,000 of the capital stock, and by Ebert Meredith, a nephew of the other two,

who owned $40,000 of the same. These three composed the board of directors of the Howell Oil Corporation.

Under the pleading and evidence, there was an issue as to whether or not the notice of the rejection of the third contract was ever in any manner given to the plaintiff, and this was such an issue of fact which should have been submitted to the jury. The plaintiff's pleading and the evidence brings into question the fact that the secretary of the corporation did not notify it that the contract was rejected. The evidence upon this issue was conflicting, hence it was a matter for the jury to pass on, because of the allegation and proof on the part of the plaintiff that, by reason of the failure to so notify it, it proceeded with the drilling of the well and the expenditure of the money and labor.

As the case will be reversed to be tried on the merits, it will not be proper to discuss the evidence, but it is sufficient here to say that the evidence adduced on the trial, together with the evidence offered and excluded by the court, which should have been admitted, was sufficient to present the above issue.

A demurrer to the evidence admits every fact and conclusion that the evidence tends to prove; that is, that the jury could legally infer from the evidence. Combination Fountain Co. v. Rogers (Tex. Civ. App.) 186 S. W. 407.

Eli Howell, being the president of the corporation and its general manager, the corporation would be bound by his acts done within the scope of its business and in doing everything the corporation could do in the prosecution of such business. Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co. (Tex. Com. App.) 235 S. W. 850.

The principal is bound by an act of its agent done within the apparent scope of its dealing with innocent third parties, although such act is done in direct violation of his private instruction. Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co., supra.

Therefore, considering the question presented by appellant's pleading and evidence introduced or tendered, we hold that the facts alleged and proved by the plaintiff presented an issue for the jury; that the defendant having demurred to the evidence, admitted the facts as alleged in the plaintiff's pleading, we are of the opinion that the trial court erred in sustaining the demurrer to the evidence.

There are other questions presented on the appeal which are involved in this discussion and follow the disposition here made of this case, and which it is not necessary to discuss.

The judgment of the trial court is reversed, and the cause remanded.