### SHOEMAKER et al. v. McELWAINE.
### No. 9056.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

H. B. Galbraith, of Brownsville, for appellants.

Seabury, George & Taylor, of Brownsville, for appellee.

SMITH, Justice.

This action was brought by W. L. McElwaine, appellee, against appellants, Benj. H. Shoemaker and associates, who are directors of or landowners in Cameron County Water Improvement District No. 15. The action was to recover damages claimed by appellee on account of alleged malicious prosecution instituted against him by appellants. Appellee recovered judgment, upon a jury verdict, for $5,000 actual and $2,500 exemplary damages. No briefs for appellee are on file in the case.

It appears from the record that appellee was a director in and general manager of said water district from the time of its organization in 1929 until late in the fall of 1931, when he resigned. He was also a stockholder and director and secretary of the Ewing Securities Company. According to statements in appellants' brief, which are assumed to be true in the absence of any brief for appellee, the Ewing Securities Company and its officials, including appellee, entered into various unlawful contracts and business transactions with the water district, whereby the latter was defrauded. It is further charged that, when these unlawful transactions were disclosed by an audit of the district's affairs, appellants went before proper officials and filed a number of felony and misdemeanor charges against appellee and his fellow officials of the district, all of whom had resigned upon the disclosure of their alleged wrongdoings. It is further charged that none of these complaints or charges have been tried on their merits; that appellee procured dismissal of the misdemeanor charges upon purely technical grounds; that the felony charges are still pending; that appellants intend by due process to renew the misdemeanor charges on proper complaints and prosecute them as well as the pending felony charges to a conclusion.

It was upon all these charges that appellee filed this damage suit based upon malicious prosecution. The trial judge appears to have submitted the case without reference to the status, or rather in disregard of the status, of those complaints, and has rendered judgment against appellants for damages as if appellee had been acquitted of the several criminal charges, whereas, appellee has in

truth been acquitted of none of them, since none of them have been tried on the merits. Most of them are still pending, although a small part of them have been dismissed upon technical grounds urged by appellee.

■ It seems that no rule of law is more firmly established or universally applied than the rule that before one may recover in an action for damages for malicious prosecution of criminal charges instituted against him, he must allege and prove not only the fact of the prosecution, but that such prosecution has finally terminated in his favor. 38 C. J. pp. 444, 466, §§ 96, 97, 129; 18 R. C. L. p. 21, § 11; Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85; McManus v. Wallis, '52 Tex. 534; Glasgow v. Owen, 69 Tex. 168, 6 S. W. 527; Hurlbut v. Boaz, 4 Tex. Civ. App. 371, 23 S. W. 446; American Motors Finance Co. v. Cleckler (Tex. Civ. App.) 28 S.W.(2d) 274. Appellee wholly failed to meet this requirement and therefore was not entitled to recover. On the contrary, the trial court should have directed a verdict for appellants, in response to their timely request therefor.

The judgment is reversed, and judgment will be here rendered that appellee take nothing by reason of his suit.