## HALL v. CARROLL.
### No. 1198.

Court of Civil Appeals of Texas. Eastland.

Dec. 22, 1933.

Rehearing Denied Feb. 2, 1934.

J. Rupert Jackson, of Baird, Stinson, Hair, Brooks & Duke, of Abilene, and L. B. Lewis, of Baird, for appellant.

Russell & Russell, of Baird, for appellee.

LESLIE, Justice.

The plaintiff, Dug Carroll, instituted this suit against Jane Patton Hall to recover for services rendered her as an employee on the latter's ranch. The defendant answered, alleging the contract to be of a somewhat different nature to that relied on by plaintiff. At the conclusion of a purported trial, the judge rendered a judgment in favor of the plaintiff for $750, basing it essentially on the contentions and concessions presented by the defendant in her answer. Not being satisfied with the judgment in its entirety, the defendant appeals. The parties will be referred to as in the trial court.

We have not the benefit of brief by plaintiff, the appellee. Therefore, in disposing of the contentions presented by the defendant, it is permissible under rule 40 for Courts of Civil Appeals, and the authorities construing same, for this court to accept the statement of the record made in appellant's brief as being a correct presentation of such record and reach our conclusions accordingly. Arnold Oil & Drilling Co. v. Howell (Tex. Civ. App.) 28 S.W.(2d) 1102; Hudson v. Hunt (Tex. Civ. App.) 244 S. W. 578; Panhandle Motors Co. v. Foster (Tex. Civ. App.) 245 S. W. 269; Shoemaker v. McElwaine (Tex. Civ. App.) 59 S.W.(2d) 440; Temple Lumber Co. v. Kirby Lumber Co. (Tex. Civ. App.) 42 S.W. (2d) 1070; Kelley v. C. D. Shamburger Lumber Co. (Tex. Civ. App.) 23 S.W.(2d) 883; rule 40, 142 S. W. xiii. While an application of this rule would probably require the sustaining of the defendant's contentions, nevertheless the conclusions at which we arrive in the disposition of this appeal are not necessarily based on such theory. We dispose of the appeal on the merits of the propositions as the same are reflected by the record.

The first point complains that the judgment of the trial court should not have been rendered for an amount in excess of $638. The consideration of this proposition requires an additional statement of the case.

The plaintiff based his right of recovery on the alleged breach of a contract with the defendant Hall, under the terms of which he was employed by her to work on her ranch at $100 per month. He alleged that the employment began December 12, 1930, and continued until April 26, 1932, the same being sixteen months and fourteen days; that the total amount due him at the expiration of the contract was $1,646.62; that this amount was entitled to a credit aggregating $537, leaving a balance of $1,109.62 for which judgment was sought. In addition, the plaintiff sought to recover the sum of $20 as attorney's fee under the provision of article 2226, R. S. 1925.

The defendant answered, admitting she made the contract of December 12, 1930, employing plaintiff to superintend her ranch at $100 per month, but further alleged that the original contract contained a provision whereby either party had the right to terminate the same by giving thirty days' notice to that effect, and that she subsequently exercised that

option with result that she and plaintiff on July 12, 1931, made a new contract, by the terms of which the plaintiff from that date agreed to work for the defendant for $50 per month, and did so superintend her ranch till the termination of the new contract April 26, 1932. She also agreed that the credit of $537 admitted by the plaintiff was correct.

From the foregoing it is obvious that the only material difference reflected in the claims of these litigants lies in the fact that the original contract as claimed by defendant provided for its termination on thirty days' notice and that the defendant terminated same and effected a new contract with plaintiff whereby he agreed to work for $50 per month. They agree on the amount of the credits, the terms of the original contract, and the period of time during which the plaintiff was superintendent of defendant's ranch. If the allegations of the plaintiff's petition be taken as having been established, the judgment should have been for the plaintiff for the sum of $1,109.62, and, if it be assumed that the allegations of the defendant's answer were established, then the judgment should have been for $688.83, allowing plaintiff interest as prayed for accordingly as defendant defaulted in payment of each month's salary.

The judgment recites, among other things, "the court having heard the pleadings, the evidence and the argument of counsel finds that the material allegations of the defendant's answer to plaintiff's suit are sustained and that the plaintiff is only entitled to recover from the defendant the principal sum of $750.00 with interest on the principal of $550.00 from January 1st, 1932, until paid at the rate of six percent per annum and interest on the balance of said sum, to-wit, a balance of $200.00, should bear interest from the date of this judgment until paid at the rate of six percent per annum;".

It is unnecessary to resort to presumption, or implications to ascertain what the court did in arriving at a judgment. In the judgment it expressly recites that he found "the material allegations of the defendant's answer * * * sustained." The judgment carries no suggestion that the court in any measure adopted the plaintiff's theory. In this respect, the contrary appears. Plaintiff's claim for attorney's fee of $20 was rejected. Further, had the court sustained the plaintiff's claim, the judgment would doubtless have been for $1,109.62 plus the attorney's fee. On the other hand, the defendant's contentions as presented by her material allegations were expressly sustained. That being

so, it only remained to calculate the amount of the judgment according to the simple terms of the contract and as reflected by the record. This is in harmony with the only material issue, the novation of the contract, expressly found to be sustained in accordance with the defendant's contention.

The only evidence relevant to the contested issues in this trial is that which purports to come from the plaintiff and defendant under the terms of an agreement entered into by the attorneys in their behalf. In whatever light this testimony be viewed, it gives no support to the trial court's judgment for the sum of $750. On the other hand, the recital in the judgment clearly explains the decree and discloses that the judge adopted the defendant's theory of the contract out of which this litigation grew. In this connection, it will be noted that there was in fact but one disputed issue in the case, and that whether or not the rate of compensation per month was changed on July 12, 1931, from $100 provided for in the original contract to $50 as contended by the defendant in the second contract. The plaintiff's testimony supported his contention, but the court did not adopt the same and grant him the judgment possible under his pleadings hereinbefore noted. On the other hand, the court expressly sustained the defendant's theory, and in accordance therewith should have entered a judgment for $688.83.

We are therefore of the opinion the defendant's first contention should be sustained.

■■ The next point raises the question that the court erred in rendering the judgment against the defendant for all costs, including costs for attachment proceedings, since there is nothing in the record showing that the judgment was rendered foreclosing an attachment lien. No authority is cited in support of this proposition, but our attention is called to article 301, R. S. 1925, which provides that, in the event the plaintiff recovers in the suit, the attachment lien shall be foreclosed as in cases of other liens, etc.

The defendant presented a cross-action based on alleged wrongful attachment, claiming actual and exemplary damages. The court expressly found against the merits of defendant's cross-action. No cross-assignments of error are addressed by the defendant to this ruling of the court, and it occurs to us that the defendant plainly abandoned all her contentions in that respect. Hence no showing is made for taxing the costs arising out of the attachment proceedings against the plaintiff. The mere fact that a writ was

quashed or that an attachment suit was abandoned or dismissed does not give rise to a presumption that the attachment was wrongful. 5 Tex. Jur. p. 309, § 153; Rowe v. Crutchfield (Tex. Civ. App.) 168 S. W. 444; Frank v. Tatum (Tex. Civ. App.) 26 S. W. 900.

■ No error is shown by the defendant's third proposition complaining that the court overruled her motion for continuance. There is no bill of exception in the record to the court's ruling, if any, in this respect. Article 2237, Vernon's Ann. Civ. St., note 15; Rule 55 for District and County Courts; 3 Tex. Jur. p. 589, § 412; 9 Tex. Jur. p. 757, § 82; Texas Emp. Ins. Ass'n v. Tabor (Tex. Civ. App.) 274 S. W. 309; Id. (Tex. Com. App.) 283 S. W. 779; Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Civ. App.) 282 S. W. 903; Minney v. Scharbauer (Tex. Civ. App.) 286 S. W. 552.

■ From the foregoing, it follows that the judgment of the trial court will be modified or corrected and affirmed for the sum of $688.83, with interest from date of judgment. However, it does not follow that the plaintiff will be cast in the costs. The point first made in defendant's brief and sustained by this court was not called to the attention of the trial court as far as this record shows. Had such been done, the amount of the trial court's judgment would, doubtless, have been that for which judgment is here rendered. Under these circumstances, the defendant should not profit in the matter of costs by reason of the correction of the judgment on appeal. Prim v. Latham (Tex. Civ. App.) 6 S.W.(2d) 173 (4).

For the reasons assigned, the judgment of the trial court is corrected, and as corrected it is affirmed.

### On Rehearing.

In what is said in the original opinion we do not wish to be understood that a motion for a new trial is always necessary where the case is tried before the court. To raise points involving misconduct of the jury, newly discovered evidence, and the like, it may be necessary to call same to the attention of the trial court. See Phillips Pet. Co. v. Booles (Tex. Com. App.) 276 S. W. 667; 3 Tex. Jur. p. 246, § 163 et seq.

In reaching our conclusions in the original opinion at least two facts were deemed certain and controlling, in connection with the undisputed facts that the employment began December 12, 1930, and terminated April 26, 1932. The first fact is that the employment originally was for $100 per month, and the second that the compensation was changed from $100 per month to $50 per month on July 12, 1931. With these undisputed facts, nothing remained to be done but to correctly calculate the amount of the judgment in keeping with the definite finding by the court that the plaintiff was entitled to such. The assignment presented by the appellant challenged the correctness of such calculations, and this court considered and dealt with the point as merely suggesting a clerical error or mistake, which was capable of correction either in this or the trial court. An appeal to obtain such a correction was wholly unnecessary. If we correctly interpret the trial court's findings and conclusions, it follows that that is certain which can be made certain; that is, the facts being established, nothing remained to be done but to correctly calculate the amount of the judgment. The appellant's contention sent us in to the record, and after a due consideration thereof we found that the same would not fully bear out the contention, but, the error or mistake in calculation being fully revealed, we deemed it our duty to enter a judgment based upon a correct calculation. Further, there is nothing in the record to indicate that any specific aid or information was given to the trial judge calling his attention to such clerical error. Under these circumstances, and being of the opinion that, had such aid been rendered, the court would readily have entered a correct judgment and thereby eliminated the necessity of an appeal, it is believed in accordance with the authorities cited the costs should be adjudged as in the original opinion. In this connection, special attention is called to the case of Grier v. Powell, by our Supreme Court, in 14 Tex. 321.

For the reason assigned, the motion for rehearing is overruled.