### TEXAS EMPLOYERS INS. ASS'N v. VAN PELT.

No. 4411.

Court of Civil Appeals of Texas. Amarillo.
April 15, 1935.

See, also, 68 S.W.(2d) 514.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

L. B. Godwin, of Amarillo, for appellee.

HALL, Chief Justice.

Ralph Van Pelt brought this suit against the Texas Employers Insurance Association to recover compensation under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.), alleging, in substance, that on May 8, 1931, he was an employee of James Foran in Hutchinson county. That Foran was a subscriber under the Compensation Law, holding a policy issued by the appellant insurance company. That on the date mentioned, while assisting in the operation of a trench machine, and while the machine was in motion, his right sleeve became fastened in the drive chain, and as a result his right hand, arm, and shoulder were violently jerked underneath the steel chain and over the steel sprocket, causing fracture of various bones of his right hand, arm, and shoulder; laceration and mangling of various muscles, ligaments, and nerves thereof; and that there has resulted fibrosis, loss of grip in his right hand, ankylosis, neuritis, and arthritis throughout said parts; scars and blemishes, pain and nervousness; all of which have totally and permanently incapacitated him. He alleges that due notice of the injury was given, and that his claim was filed in due time, and alleges in the alternative facts under all three subsections of the statute relative to the ascertainment of his average weekly wage upon which to base the compensation he claims.

The cause was submitted to the jury by special issues, among them being the following issues given at the request of plaintiff:

"Special Issue No. 1.

"(a) Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff on May 8, 1931 consisted of injuries in addition to the loss of the use of plaintiff's right hand and arm, as alleged by plaintiff?

"(b) Do you find from a preponderance of the evidence that the incapacity of plaintiff, if any found by you, is the result of injuries sustained by plaintiff on May 8, 1931 in addition to injuries to plaintiff's right hand and arm, as well as to injuries to plaintiff's right hand and arm, as alleged by plaintiff?"

Both issues were answered in the affirmative.

The appellant objected to subdivision (a) of said issue because it is on the weight of the evidence and assumes that the plaintiff's injury of May 8, 1931, caused the loss of the use of his right hand and arm, as alleged by plaintiff, and further objected because it is on the weight of the evidence as assuming or calculated to suggest that plaintiff sustained from said injury disability over and above the loss of the use of his right hand and arm. Objection was also made to subdivision (b) because it is confusing and unintelligible, and because it is on the weight of the evidence and assumes or suggests that plaintiff, on May 8, 1931, received other and additional injuries besides injuries to his right hand and arm; and further assumes or suggests that if plaintiff now has any incapacity that the injury of May 8, 1931, to his right hand and arm contributed to such disability, and also assumes or suggests that plaintiff, on May 8, 1931, sustained injuries in addition to the injury to his right hand and arm, and also assumes or suggests that plaintiff's present incapacity, if any, is due to the combined effects of injuries to the right arm, as well as to the additional injuries sustained on May 8, 1931.

In our opinion, these objections, in the main, should have been sustained. The two charges are clearly upon the weight of the evidence, and there is no testimony to which we have been referred tending to show any injury in addition to the injury to his hand and arm. Under the rules for the Courts of Civil Appeals, old rule 40, new rule 31, where the appellee fails to brief the case, it is the duty of the reviewing court to regard the appellant's brief as a proper presentation of the case without an examination of the record, and it may found its decision thereon where the appellant's statement from the record is not distinctly challenged by the appellee. Kelley v. C. D. Shamburger Lumber Co. (Tex. Civ. App.) 23 S.W.(2d) 883; Arnold Oil & Drilling Co. v. Howell (Tex. Civ. App.) 28 S.W.(2d) 1102; Hall v. Carroll (Tex. Civ. App.) 67 S.W.(2d) 1068; Panhandle Motors Co. v. Foster (Tex. Civ. App.) 245 S. W. 269; Lake Worth Amusement Co. v. Maples (Tex. Civ. App.) 36 S.W.(2d) 1072; City of Navasota v. Gudger (Tex. Civ. App.) 290 S. W. 900. Zaunbrecher v. Trim (Tex.

Civ. App.) 31 S.W.(2d) 839, also announces the rule and further holds that appellee, having failed to brief the case on original hearing, cannot, on motion for rehearing, challenge the correctness of appellant's statements. We are justified in adhering to the rule, especially in this case, where the statement of facts consists of more than 650 pages. We cannot be expected to review a record of that magnitude to ascertain the correctness of appellant's statements when appellee, with ample time in which to do so, has failed to file a brief challenging the correctness of such statements.

The appellant quotes at length from the testimony of plaintiff and the three physicians who examined plaintiff as to the extent of his injuries, and this testimony shows that injuries to his arm and hand were the only injuries sustained. The issues which appellant challenges assume that plaintiff sustained additional injuries. This error will require a reversal of the judgment. Moreover, the issues are upon the weight of the evidence, and the rules which forbid the court in his charge to assume controverted facts, or to charge upon the weight of the evidence, are too well established to require the citation of authorities. However, in view of another trial, we refer counsel and the court to the following: Cannaday v. Martin (Tex. Civ. App.) 69 S.W.(2d) 434; City of Amarillo v. Rust (Tex. Civ. App.) 45 S. W.(2d) 285; Gordon v. McIntosh (Tex. Civ. App.) 54 S.W.(2d) 177; Liner v. United States Torpedo Co. (Tex. Com. App.) 12 S.W.(2d) 552; Texas Employers' Ins. Ass'n v. Pearson (Tex. Civ. App.) 67 S.W.(2d) 630.

The court submitted the following issue: "Do you find from a preponderance of the evidence that the plaintiff, Ralph Van Pelt, worked in the employment in which he was working at the time of the injury, if any, on May 8, 1931, either for the same employer or not, substantially the whole of the year from March 8, 1930 to May 8, 1931?"

The appellant objected to this issue because it was not supported by the evidence; the only evidence bearing upon it being so indefinite and uncertain that no calculation as to the number of days worked could be made by the jury, nor could they definitely ascertain from the testimony how many days plaintiff had worked prior to his injury in question. From the statement in

394

appellant's brief we sustain this assignment. After testifying at length and in an indefinite way, plaintiff was asked:

"Q. You have just been giving your estimate here in telling how long you worked for Green? A. Yes.

"Q. It has been in the nature of guess work, hasn't it? A. It might be termed that."

As bearing upon the number of days he worked for H. B. Derr, the pay roll was introduced and showed that he had worked only 519½ hours. This written record, which is not questioned, contradicts his testimony that he had worked from 10 to 12 hours every day.

The record shows other errors, but in view of another trial it is unnecessary for us to discuss them, as they probably will not occur again.

For the reasons stated, the judgment is reversed and the cause remanded.