**SUNRAY ENTERPRISES, INC., et al.,**
**Appellants,**

v.

**David ROSENAUR, Appellee.**

**No. 15590.**

Court of Civil Appeals of Texas.

Dallas.

March 25, 1960.

Rehearing Denied May 6, 1960.

Allison & Ford, Dallas, for appellants.

Emil Corenbleth and Jay S. Fichtner, Dallas, for appellee.

YOUNG, Justice.

The suit by appellee, plaintiff, was for damages, both actual and exemplary, arising from an alleged conversion and loss of profits relating to personal property. On answers of the jury to issues submitted, the court rendered judgment for plaintiff in sum of $2,750 ($750 actual, and $2,000 exemplary); defendants seasonably appealing.

Factual background of the controversy is reflected in the following summary of numbered jury issues and answers: (1) That since October 8, 1957, Sunray Enterprises, Inc. and Leon Blount have wrongfully exercised dominion or control, in denial of any right of David Rosenaur over the damaged Alma Trailer in question; (2) such exercise of dominion and control was wrongfully and maliciously done; (3) Rosenaur has sustained damages as a result; (4) before October 8, 1957, Rosenaur, as an individual, agreed with Galloway & Co. (realtors) to remove the remains of the burned structure in question; (5) since October 8, 1957, defendants have prevented plaintiff Rosenaur from carrying out the terms of said agreement with Galloway & Co.; (6) plaintiff individually has sustained damages as a result of being prevented from removing said damaged structure; (7) the sum of $400 was reasonable compensation to plaintiff for financial loss because of his being prevented from removing the damaged met-

al building; (8) plaintiff's failure to remove the Alma Trailer from the premises in question prior to October 8, 1957, was not due to his negligence; (10) reasonable cash market value of the Alma Trailer of plaintiff in Dallas County on October 8, 1957, was $350; (11) plaintiff is entitled to exemplary damages from defendants (defining same) in sum of $2,000; (13) presence of plaintiff's damaged Alma Trailer on the premises in question did not interfere with the use of such premises by defendants.

■ We have been favored with no reply brief on part of appellee. Hence under Rule 419, Texas Rules of Civil Procedure, authorizing the appellate court to accept the unchallenged statements contained in appellants' original brief, we are further authorized to view appellants' said brief as correctly reflecting the facts recited in support of points without resort to the Statement of Facts. See cases cited under the Rule (419), Note 4, Vernon's Texas Rules (Civil).

■ It appears that the defendant Sunray Enterprises, Inc., of which Leon Blount was president, had on October 8, 1957, entered into a written lease of premises known as 2913 South Ervay Street, Dallas, from the owners through Galloway & Co., agents, to be occupied as a piano store, repair and sales. Prior tenants had been plaintiff Rosenaur and one Wasserman, doing business as Zipp City Iron & Metal Company. This concern had undergone a fire in July 1957; having vacated the premises as of August 1st, leaving on rear of lot the property described in jury issues as a burned Alma Trailer and remains of a metal building or structure; the lease containing no reservation permitting appellee to go on the premises and remove said property after October 8, 1957; appellants on the other hand to take the premises as it existed on said rental date. The burned metal structure, by the way, had been supported by iron pipes attached to the freehold. For one reason or another, Rosenaur

had not removed the above listed burned items from off the premises by October 8 when defendants went into possession; defendants laying no claim to the property, insisting on its removal by plaintiff, but objecting to plaintiff's asserted right to accomplish removal of the burned trailer, metal structure and iron pipes by use of blow torches as creating a fire hazard. Appellants point to testimony of appellee where he admittedly could have removed his burned property off the lot between August and October 8, 1957; Blount asking him to do so; but of likelihood of starting a fire if done with blow torches.

■■ The elements of a wrongful conversion are not presented in the foregoing résumé of facts and appellants' points one and two to such effect must be sustained; the items in suit having remained on the premises when appellants went into lawful possession.

"It is a well-settled rule that one who is rightfully in possession of property, though the legal title thereto may be in another, is not guilty of conversion. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner." Cantrell, et al. v. Broadnax, Tex.Civ.App., 306 S.W.2d 429, 433.

The jury finding of $400 under issue 8 (financial loss to plaintiff in being prevented by defendant Blount from moving off the premises the damaged metal structure after October 8, 1957) appears to be based on an oral agreement between agents for the owners and Rosenaur to such effect, made prior to that date. The written lease in evidence contained no such reservation of right on part of plaintiff; that is to go upon the premises after October 8, date of defendants' lease and remove the remnants of the metal structure which were affixed to the freehold by iron pipes. As appellants point out, the submission of issues 4, 5, 6 and 7, based on evidence admitted over their objection, amounted to the grafting of a parol reservation of right in the written lease of Sunray Enterprises; any financial loss resulting to Rosenaur being chargeable to the building owners for not expressly making the lease subject to his right of entry onto and removal from the lot these burned items of property.

Manifestly, appellants, being in lawful possession of the premises, presumably occupying same with their wares and merchandise, could reasonably object to the use by appellee ·of blow torches in the situation thus presented; especially so, in absence of evidence that his burned structure could not have been removed by use of less hazardous means and methods.

The judgment under review is reversed and the cause remanded to the trial court.

## On Rehearing

■ Under Rule 414, T.C.P., appellee's reply brief was required to be filed in this Court by March 16, 1959. He was duly notified of date of submission which was November 24, 1959. Our opinion of reversal and remand was of March 25, 1960, and fourteen days later (April 8) is filed in effect his reply brief of 20 pages but styled "Motion for rehearing". He simply "apologizes to the Court for failing to file a brief in the first instance". We have again reviewed this 138-page statement of facts and find that issues of fact are raised therein as demonstrated by the jury issues and answers. In view of all these things we cannot ignore the settled rule reiterated in Texas Employers Ins. Ass'n v. Van Pelt, Tex.Civ.App., 83 S.W.2d 392, 393, "that appellee, having failed to brief the case on original hearing, cannot, on motion for rehearing, challenge the correctness of appellant's statements. We are justified in adhering to the rule, especially in this case, where the statement of facts consists of more than 650 pages. We cannot be expected to review a record of that magnitude to ascertain the correctness of appellant's statements when appellee, with ample time

in which to do so, has failed to file a brief challenging the correctness of such statements."

Appellee's motion for rehearing is overruled.