LUTHER MOVING & STORAGE, INC., Appellant,

v.

Marion L. ROBERTS, Appellee.

No. 6434.

Court of Civil Appeals of Texas, El Paso.

June 25, 1975.

Rehearing Denied Aug. 13, 1975.

Scott, Hulse, Marshall & Feuille, Stephen B. Tatem, Jr., James L. Gallagher, El Paso, for appellant.

Owen, Brewster, Steinberger, Mayhall & Co., Frank Owen, III, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves an interstate shipment and storage of household goods and a resulting claim for conversion and a claim for shipping and storage charges. The judgment of the trial Court is in part affirmed and in part reversed and rendered.

In December, 1966, the Appellee, Marion L. Roberts, made arrangements with Whalen Moving & Storage Company, an Allied Van Lines agency in Madison, Wisconsin, to move his household goods to El Paso, Texas. Appellee left Madison before his goods were shipped, but he authorized his attorney to sign the bill of lading for him. An Allied Van Lines bill of lading, as originally prepared in Whalen's office, called for payment on delivery. The attorney for Appellee in Madison testified that he was authorized to send the shipment on a charge basis but not C.O.D. When he went to Whalen's office, he marked out the box on the bill of lading that called for payment on delivery and checked the box that provided that the payment was to be charged. He then signed for Appellee, and the shipment was made with the bill of lading providing for shipping costs to be charged to Appellee.

Mr. Whalen denied that he had consented to or approved the change in the bill of lading and said, when he learned of the change on the following day, he called Luther Moving & Storage, Inc., the Allied agent in El Paso, to advise the driver when he arrived that the shipment was C.O.D. and not to unload without first collecting payment. The bill of lading provided that it was subject to Allied Van Tariff 119–C. That tariff, which was filed with the Inter-

state Commerce Commission, provides in part in Rule 1, as follows:

"Any alteration, addition or erasure on a bill of lading which shall be made without the special notation thereon of the agent of the carrier issuing the bill of lading shall be without effect and the bill of lading shall be enforceable according to its original tenor."

The tariff also had special provisions in Rule 39 concerning requirements that had to be complied with before a shipment could be sent on a charge basis. Those requirements were not complied with for this shipment.

Appellee was unable to pay the shipping charges when the goods arrived in El Paso, and all of the goods were then placed in storage at Luther's warehouse on December 20, 1966, where they have remained since that time. On January 3, 1967, Appellee sued Luther and Allied seeking possession of his goods and damages, and the following day a writ of sequestration was issued in that case commanding the Sheriff to seize and take possession of said household goods. The return on January 6, 1967, reflects that on that day the Sheriff took possession and stored the goods in his name, even though they physically remained in the Luther warehouse. On June 27, 1972, that suit was dismissed for want of prosecution at Roberts' cost.

On February 28, 1973, Luther sent a letter to Roberts stating his current balance was $12,807.90 and advising him that if payment was not received in ten days the goods would be sold. On March 9, 1973, Roberts filed this suit against Luther only and obtained a restraining order to prevent a sale of his goods. Upon trial of the case to a jury, a verdict was returned in November, 1973, in which the jury found that the goods were shipped on a bill of lading providing for a charge or credit, that Luther instructed the driver to collect payment before unloading, that the goods were diverted by Luther, and that Luther took the goods on storage in transit without authori-

ty from Roberts and stored the goods for the account of Allied and Whalen but not Luther, which deprived Roberts of possession. The jury also found the value of the goods at the time of the storage was $15,000.00, the reasonable shipping cost was $3,417.45, and that the reasonable and necessary storage costs necessitated by the writ of sequestration was $1,346.40. Judgment was entered that Roberts recover from Luther all of his household goods and 6% interest on the value of the goods ($15,000.00) from December 20, 1966, and further that Luther take nothing from Roberts.

Appellant presents twenty-five points of error which are grouped into four different areas. The first group of points complain of the judgment awarding interest on the value of the goods as monetary damages for conversion. Being of the opinion that the suit for conversion is barred by the two-year statute of limitations, we sustain Appellant's first point of error. In Appellee's second amended petition, it was alleged " * * * that upon delivery of the property in accordance with the terms of the original contract possession in the Plaintiff was denied by the Defendant and said property was withheld, whereupon said property was converted, appropriated or otherwise diverted to the use and benefit of the Defendant in such a manner as to deprive the Plaintiff of its use and value; * * *." The jury found that Luther diverted the goods intended for Roberts (Special Issue No. 3) without authority from Roberts (Special Issue No. 4) and that Luther thereby deprived Roberts of possession of his property (Special Issue No. 8).

Conversion is an exercise of dominion or control over the goods of another party which is inconsistent with the other's rights and is a cause of action involving possession rather than title. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444 (Tex. 1971); Prosser, Law of Torts (4th ed. 1971), § 15, pp. 83, 89. And for a cause of action to exist the possession must be wrongful.

*Sunray Enterprises, Inc. v. Rosenaur*, 335 S.W.2d 670 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.). Luther contends it had a right, as agent for Allied, to hold the goods for payment since the bill of lading was not amended in accordance with Rule 1 of the tariff and further since provisions for credit had not been made in accordance with Rule 39 of the tariff.

Such argument seems correct, but even assuming that the shipment was properly on a charge basis and not C.O.D. and therefore the storage for payment of shipping cost was wrongful, such wrongful conversion clearly occurred at the time of delivery in El Paso in December, 1966, just as Appellee alleged. At that time, Appellee made demand on Luther for his goods but was refused. If a cause of action for conversion ever existed, it arose at that time and was barred by the two-year statute of limitations when the present suit was filed over six years later in March, 1973. *Republic Supply Company v. French Oil Company*, 392 S.W.2d 462 (Tex.Civ.App.—El Paso 1965, no writ). If the cause of action did not arise on December 20, 1966, it is difficult to see how the trial Court could allow interest from that date. The first point of error is sustained.

The second and third group of points complain of that part of the judgment which allows Appellee to recover possession of his goods without payment for shipping and storage charges. In the cross-action filed by Luther it alleged certain facts as to the shipment of the goods, their subsequent storage and the cost therefor. It specifically alleged that it was authorized to assert the claim against Roberts for nonpayment of the shipping charges. It also offered in evidence an agency contract with Allied Van Lines, as carrier, which authorized it " * * * to collect charges for * * * shipment of household goods for and in behalf of CARRIER * * *." The authority to collect usually carries with it as a necessary incident the power to bring suit to enforce payment. *Equitable Life Assur. Society of United States v. Lester*, 110 S.W. 499 (Tex.Civ.App.1908, no writ); 2A C.J.S. Agency § 238, p. 940. If Roberts, as cross-defendant, had any questions about the right of Luther to sue for Allied, such issue should have been raised by his pleadings in order to preserve such issue and further protect the rights of all concerned. *Fort Worth & Denver Ry. Co. v. Ferguson*, 261 S.W.2d 874 (Tex.Civ.App.—Fort Worth 1953, writ dism'd). The jury found that the reasonable value of the shipping cost of Roberts' household goods from Madison, Wisconsin, to El Paso, Texas, was $3,417.45. Such finding is supported by the evidence. We sustain Appellant's Point of Error No. XXII and hold that Luther is entitled to recover the amount of the shipping cost as found by the jury in answer to Special Issue No. 10.

We also sustain Appellant's Point of Error No. XXIII and hold that Luther is entitled to recover the sum of $1,346.40, as found by the jury to be the reasonable and necessary storage cost necessitated by the writ of sequestration Roberts obtained in the 1967 suit he filed against Luther and Allied. That suit was dismissed with cost taxed against Roberts and no appeal was taken. That judgment became final and is res judicata of the obligation to pay all costs, which would necessarily include cost for storing the goods as a result of the issuance of the writ at Roberts' request.

Finally, we sustain Appellant's Points of Error Nos. XVI and XX and hold that Luther has a valid lien upon Appellee's household goods until payment is made for the shipping and storage costs as found by the jury. The Appellant's other points of error have been considered and are denied. The evidence did not establish the amount of reasonable and necessary storage cost, which were necessitated by the writ of sequestration, as a matter of law, because the proof as to such "reasonable and necessary" cost could be nothing more than opinion evidence, and opinion evidence does not establish a fact as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

The judgment of the trial Court which provides that Appellee shall have and recover of and from the Appellant all of the property, furniture, effects, goods and shipment made from Madison, Wisconsin, to El Paso, Texas, is affirmed. That part of the judgment awarding Appellee interest upon the value of the property from December 20, 1966, is reversed and rendered for the Appellant. That part of the judgment denying Appellant any recovery from Appellee is reversed and judgment rendered that Appellant recover of and from Appellee the sum of $3,417.45 for shipping cost and the sum of $1,346.40 for storage cost, plus interest on both sums from the date of the trial Court's judgment, and further that Appellant have a lien upon all of Appellee's household goods which were shipped to El Paso, Texas, under Bill of Lading No. 17582, until such shipping and storage charges are paid in full. The costs herein are taxed one-half against the Appellant and one-half against the Appellee.

## ON MOTION FOR REHEARING

In his Motion for Rehearing, Appellee asserts several points of error, all of which have been considered and all of which are denied. In connection with the first point, it is contended that this Court erred in holding that the award of interest in favor of Appellee was barred by the statute of limitations without also holding that the shipping cost and storage cost which arose at the same time are barred by the statute of limitations. Thus, it is contended that this Court has given the Appellant the benefit of a defense which was at the same time denied to the Appellee.

The explanation for what may at first glance seem to be an inconsistency is very simple. The Appellant in its first three points of error contended that the trial Court erred in rendering judgment for interest for any conversion which may have occurred in 1966 because the cause of action was barred by limitations. Concluding that

such contention was correct, we sustained the Appellant's first point of error.

On the other hand, the Appellee did not in any counterpoint or crosspoint present to this Court a contention that the claim for shipping and storage charges was barred by limitations. This Court sustained the Appellant's Point of Error No. XXII which contended that it was entitled to recover the amount of the shipping cost as found by the jury. The Appellee's counterpoint and argument concerning such claim were as follows:

"COUNTERPOINT XXII

"THE TRIAL COURT DID NOT ERR IN ENTERING JUDGMENT THAT DID NOT ALLOW APPELLANT TO RECOVER THE SUM OF $3,417.45 AS FOUND BY THE JURY IN ANSWER TO SPECIAL ISSUE NUMBER 10.

"Appellant is to be indemnified by Allied Van Lines for any costs or charges they may have (S.F. 21)

"Further, any charges incurred or owing to Allied Van Lines as a result of transportation of goods by Allied Van Lines to El Paso is a question between Allied Van Lines and Appellee herein. Allied Van Lines is not a party to this suit.

"Further, to allow Appellant herein to recover costs of transportation would be to allow him unjust enrichment in that they are to be reimbursed twice for the same charges."

Such reply in no way suggests that recovery should be denied on the shipping charges because of limitations.

With regard to the Appellant's Point of Error No. XXIII which we sustained and thereby permitted recovery of the reasonable and necessary storage cost as found by the jury, the Appellee's counterpoint and reply were as follows:

"COUNTERPOINT XXIII

"THE TRIAL COURT DID NOT ERR IN ENTERING A JUDGMENT THAT

DID NOT ALLOW APPELLANT TO RECOVER THE SUM OF $1,346.40 AS FOUND BY THE JURY IN ANSWER TO SPECIAL ISSUE NUMBER 11.

"Storage costs necessitated by a Writ of Sequestration were a part of the suit which has been dismissed. They, therefore, should have been taxed as costs in the prior suit and are not before the Court. (See C.P. XXI)"

Likewise, this contention does not suggest that limitations are a bar to the recovery of the storage cost.

The Appellee is not in a position to complain about this Court's having given the Appellant the benefit of a limitations statute and not having given him the benefit of the same statute, when the Appellant clearly requested in three points of error that the limitations statute was applicable to the claim presented against it, and the Appellee never contended that he was entitled to the benefit of the limitations statute as to claims presented against him. Such contention may not be raised for the first time on motion for rehearing.

The other points have been considered and are denied.

The Appellee's Motion for Rehearing is denied.

■ In reply to the Motion for Rehearing the Appellant asserts that it has never sought to recover a personal judgment against the Appellee but that it only seeks to impose upon the household goods in its possession a possessory lien to secure the payment due it. Accordingly, our judgment permitting recovery of $3,417.45 for shipping cost and $1,346.40 for storage cost, plus interest, is limited to a recovery from the household goods which were shipped to El Paso, Texas, under Bill of Lading No. 17582, and that no personal judgment be recovered against Appellee.